HOME LIFE & ACCIDENT COMPANY *v.* BECKNER.

Opinion delivered March 23, 1925.

1.    INSURANCE—INDEMNITY POLICY—FORFEITURE.—Under a clause in an indemnity policy requiring the employer to give the insurer immediate written notice of any injury to an employee and of any suit instituted by the latter, the giving of such notice is

not a condition precedent, unless it is made so by express terms or by necessary implication, nor does failure to comply therewith constitute ground of forfeiture of the policy.

2. INSURANCE—INDEMNITY POLICY—DUTY TO GIVE NOTICE OF INJURY. —While a clause in an indemnity policy requiring the employer to give immediate written notice of any injury to an employee is not a condition precedent, such provision is valid, and there can be no recovery against the indemnitor unless there is a compliance therewith within a reasonable time.

3. INSURANCE—INDEMNITY POLICY—DELAY IN GIVING NOTICE OF INJURY.—Where an indemnity policy required immediate written notice of an injury to or suit by an employee, notice of an injury given one year, seven months and two days after the injury and ten months after suit brought was unreasonable delay, preventing recovery.

4. INSURANCE—INDEMNITY POLICY—EXCUSE FOR FAILURE TO GIVE NOTICE.—Where an indemnity policy required the insured employer to forward immediately any summons or other process in any suit by an injured employee against the employer, the fact that delay of 10 months in forwarding summons was occasioned by the advice of the employer's attorney that the insurer was not liable, held not to excuse the delay.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

*T. D. Wynne,* for appellant.

*James D. Head, Jones & Jones, McDonald & Jones,* for appellee.

WOOD, J. On October 14, 1914, the appellant, a corporation of Arkansas, issued a policy in favor of the Pine Belt Lumber Company, a corporation of Oklahoma, to idemnify the latter for a term of one year against loss from liability arising out of damages not in excess of $10,000 on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period covered by the policy, by any employee of the lumber company while on duty within the factory, shop, or yards of the lumber company. The policy contained, among others, the following provisions:

"This insurance is subject to the following conditions: * * * *

"G. The assured, upon the occurrence of any accident, shall give immediate written notice thereof,

with the fullest information obtainable at the time, to the head office of the company at Fordyce, Arkansas, or to the agent countersigning this policy. He shall give like notice, with fullest particulars, of any claim that may be made on account of such accident, and shall at all times render to the company all cooperation and assistance in his power.

"H. If, thereafter, any suit is brought against this assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend it against such proceedings in the name and on behalf of the assured, unless it shall elect to settle the same or to pay the assured the indemnity provided for in clause 'A' as limited herein."

On the 25th of June, 1915, one Clifford Riggs, while in the employ of the lumber company, received a personal injury. On March 25, 1916, Riggs instituted an action against the lumber company in the Oklahoma District Court, and recovered judgment in that court for $6,000, which judgment was afterwards affirmed by the Supreme Court of Oklahoma. The lumber company paid this judgment in full on the third day of January, 1921, amounting, with interest at the time of the satisfaction, to the sum of $7,368.05. The lumber company, through its trustees, the appellees, instituted this action against the appellant to recover on the policy above mentioned the amount of that judgment. It was alleged in the appellees' complaint that the lumber company had complied with all the terms and provisions of the contract, and that the appellant refused to indemnify it as provided by the terms of the policy. The appellant defended on the ground that the lumber company had not complied with the provisions of the policy set out above.

The facts on the issues joined are substantially as follows: The injury to Riggs occurred, as above stated,

on June 25, 1915. On February 17, 1916, Riggs' attorney wrote to the lumber company, notifying it that they had been employed to represent Riggs' interest in his claim for damages against the company. They stated in this letter that the injuries were received as "a result of a train running away, over which the lumber company had control; that Riggs was riding on the engine by virtue of a pass that the lumber company had issued to him permitting him to ride at his own risk."

McDonald, one of the attorneys for the lumber company, testified to the effect that, in his opinion, under the terms of the letter received by the lumber company from Riggs' attorneys, the insurance company was not liable because the letter showed that the relation between Riggs and the lumber company at the time of Riggs' injury was that of passenger and carrier, and not that of employer and employee. On January 24, 1917, one year, seven months and two days after the injury to Riggs, McDonald & Jones, attorneys for the lumber company, wrote to the appellant, stating in effect that Riggs had instituted a suit against it on March 26, 1916, claiming that he was injured while he was in the employ of the lumber company, and inclosing a copy of Riggs' complaint. In this letter the attorneys stated that it was the contention of the lumber company that Riggs was an independent contractor and not an employee, but that was a matter to be established in the court upon trial of the case; that, if Riggs were found to be an employee, then the lumber company would contend that it was within the protection of the insurance against liability under the terms of its policy, and therefore the lumber company was giving the insurance company notice of the action in order that the latter company might come in and defend same or take such steps as it deemed proper to protect its interests, and stating that the case would likely be set for trial on March 5, 1917. To this letter the insurance company replied, stating that it had no suggestions to make with reference to the defense of the

suit; for the reason that there was no obligation on its part to interest itself in the matter; that the injury was not reported to the appellant insurance company, and for that reason it declined to interpose. The cause, by consent, was heard by the trial court sitting as a jury, and the court found generally the facts and law in favor of the appellees, and rendered judgment in their favor in the sum of $7,368.05, with interest from the date of the judgment at the rate of six per cent. per annum from January 3, 1921. From that judgment is this appeal.

In the case of *Hope Spoke Co.* v. *Maryland Casualty Co.*, 102 Ark. 1, the policy under review contained the provision that "immediate notice of any accident and of any suit resulting therefrom, with every summons or other process, must be forwarded to the home office of the company, or to its authorized representatives." In that case the company issuing the policy received actual notice of the injury thirty-two days after it occurred, and it appeared that the company was not injured by reason of the fact that notice was not given earlier. The company made a full investigation in due time of the injury. We held, under the facts of that case, that the language of the policy above quoted was not a condition precedent to recovery on the policy, and said: "The contract of insurance does not, in express terms, make the provision with reference to giving notice of an accident a condition upon which liability of the insurer depended. The absence of language indicating an intention to make compliance with that provision a condition of recovery is noticeable. It does not, in express terms, declare a forfeiture of the insured's right to recovery upon failure to give notice, nor can it be fairly implied, from the language of the contract, that the provision was intended as a condition precedent to the right to recover. On the contrary, the form of the policy and the language employed in it indicated a contrary intention." While the clause of the policy under review in the case of *Hope Spoke Co.* v. *Md. Casualty Co., supra,*

is somewhat different from the language, of the policy under review in the case at bar, there is no essential difference in principle. Whatever may be the rule in other jurisdictions, this court is committed to the doctrine that failure to give notice under a clause in a policy similar to that under review "does not operate as a forfeiture of the right to recover, unless the policy, in express terms, or by necessary implication, makes the giving of the notice within the time specified a condition precedent to recover." See also *Shafer* v. *U. S. Casualty Co.*, 90 Wash. 687, 156 Pac. 61; *Md. Cas. Co.* v. *Robertson & Co.*, (Tex.) 194 S. W. 10140. . There is no such express provision in the policy under consideration and no language making the provision as to immediate notice the essence of the contract.

We therefore cannot concur in the view of the learned counsel for the appellant, that the clause of the policy for construction in the case at bar makes the failure of the assured to comply with the provisions of the policy in regard to the giving of (immediate notice of the accident and of any suit instituted by the injured party against the assured conditions precedent and grounds of forfeiture of the policy. We do, however, fully agree with the counsel for appellant in 'his contention that there must be at least a *bona fide* )compliance on the part of the assured with these provisions of the contract before he is entitled to a recovery. The assured, in other words, cannot wholly ignore the requirements of the policy as to notice of the occurrence of the accident and as to the claim of the assured on account thereof, and likewise the provision requiring notice of any suit brought by the injured party against the assured for damages on account of the accident. These provisions in an insurance policy are valid. They are intended for the protection of the insurer, in order that he may investigate the circumstances of the injury and determine the course that he will pursue with reference to any claim that may be asserted against the

assured by reason of such injury, either before or after suit. Even though not a condition precedent and not a ground for forfeiture of the policy, the insurer has the right to insist that the insured comply with the obligations of his contract. This court did not hold, in the case of *Hope Spoke Co.* v. *Md. Cas. Co., supra,* that such provisions of the contract of insurance could be disregarded on the part of the insured. On the contrary, we there held that there was a compliance with such provisions of the contract. As we view the authorities, the courts generally hold that there can be no recovery unless there is a compliance with these provisions of the policy. 4 Cooley's Briefs on Insurance, p. 3571; 67 L. R. A. 275.

This brings us to the question as to whether there is any substantial testimony tending to support the finding of the court that the appellees had complied with their contract to give immediate notice of the accident; and whether the lumber company immediately forwarded to appellant the summons served on the insurance company in the suit by Riggs against such company. Mr. Cooley says: "The condition requiring 'immediate notice' or 'notice forthwith' of injury to employees, means written notice within a reasonable time, under the circumstances of the case. * * * The question as to what would be a reasonable time, under the varying circumstances of each particular case, would seem primarily to be a question for the jury, under proper instructions by the court." Cooley's Briefs, pp. 3572-3575, and cases there cited.

The accident resulting in the injury to Riggs occurred on June 25, 1915. The manager of the company and also its attorney knew of the accident and injury to Riggs on that day. McDonald, attorney for the lumber company, was of the opinion, from the statement of how the accident occurred by the manager of the company, that the insurance company would not be liable under its policy. The lumber company did not notify

the insurance company of the accident until January 24, 1917. Riggs, through his attorneys, notified the lumber company of his claim for damages against it on February 17, 1916, and on the 25th of March, 1916, Riggs instituted a suit in a district court of Oklahoma against the lumber company to recover damages for his injury. But the lumber company did not notify the appellant insurance company of the filing of this suit until January 24, 1917. These facts are undisputed, and there is therefore no testimony to sustain a finding of the court that the appellant had notice of the accident and of the suit within a reasonable time. The court should have declared as a matter of law, upon the undisputed testimony, that the lumber company did not comply with the provisions of the contract concerning the notice to be given appellant of the occurrence of the accident and of the institution of the suit by Riggs against the lumber company. The failure of the lumber company to notify the appellant of the occurrence of the injury for a period of one year, seven months and two days after its date, is an unreasonable and inexcusable delay. Likewise, the failure on the part of the lumber company to forward the summons against it, thus notifying the insurance company of the suit that had been instituted against the lumber company by Riggs, for a period of ten months, was an unreasonable delay within the terms of the contract of insurance. The appellant is in no manner bound by the opinion of the lumber company's attorneys to the effect that the appellant, under the circumstances of the injury, was not liable to the lumber company under the policy. This opinion of the attorneys was not sufficient in law to justify it in failing, for a period of ten months, to forward notice to the appellant of the suit that had been filed against it.

Mr. Cooley says: "The courts, without regard to the question whether reasonableness of the time is a matter for the court or the jury, have held unexcused delays of varying length unreasonable *per se*," and sev-

eral cases are cited in support of the text, where failure to give notice for a less time than ten months was held to be unreasonable delay.   4 Cooley's Briefs on Law of Insurance, p. 3573.

The trial court erred in failing to find as a matter of law that the lumber company had not complied with its contract, and that it was therefore not entitled to recover.   The judgment is therefore reversed, and the cause will be dismissed.

McCULLOCH, C. J., (concurring).   My concurrence in the reversal of this case is based entirely on other grounds than those stated in the opinion of the majority, for I think that a double mistake has been made by the majority in holding that the giving of immediate notice of injury and of the commencement of an action was not a condition precedent to the performance of which operated as a forfeiture, and in holding that failure to comply with these requirements operated as a forfeiture without the same being treated as conditions precedent.   My view of the case is that the requirements with respect to notice were conditions precedent, and that there was a forfeiture on account of failure to perform those conditions.   It seems to me that the majority have misconceived and misapplied the decision of our court in *Hope Spoke Co.* v. *Maryland Casualty Co.,* 102 Ark. 1.   The policies involved in the two cases are radically different. The policy in the case cited did not, either in express words or by necessary implication, declare the requirement with respect to notice to be a condition.   The policy merely stated the requirement, but did not make it a condition, nor declare that a forfeiture would result from non-compliance.   On the other hand, the policy in the case now before us states that it "is subject to the following conditions," and then proceeds to state the requirements in regard to notice.   It does not state the requirement as a condition precedent, but does state it as a condition, and the necessary result is that it is a condition precedent.   In the opinion in the case cited we recognized that the question involved was a very close one, and that the

terms of the policy came very close to the line of distinction in the authorities on the subject. We followed the line of authorities holding that "failure to give notice within a specified time, in accordance with the terms of the policy, does not operate as a forfeiture of the right to recover unless the policy in express terms or by necessary implication makes the giving of notice within the specified time a condition precedent to recovery." In the present case the policy does, in express terms, declare the giving of notice within the time specified to be a condition. If it is a condition at all, it is a condition precedent to the right of recovery on the policy.

The majority is also in error, I think, in holding that, if the requirement was not a condition precedent, the failure to give notice in this case worked a forfeiture. The correct rule is that, unless the requirements of the policy constitute conditions precedent to recovery, or all rights under the policy are forfeited by failure to comply with the requirements, then the omission is not a defense to a suit on the policy unless some injury resulted from such omission. That is precisely what we decided in *Hope Spoke Co. v. Maryland Casualty Co., supra.* In that case we held that the requirement of notice was not a condition precedent, and that failure to strictly comply with the requirement was not a defense because no injury was shown to have resulted. See also *Frank Parmelee Co. v. Aetna Life Insurance Co.,* 166 Fed. 741, where the court said: "In contracts of this kind, to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond—that is, a departure that results in substantial prejudice and injury to its position in the matter."

In the present case there was no attempt to show that any injury resulted to appellant from the failure of appellee to give notice of the injury and of the institution of the action by the injured employee. But, for the reasons stated above, I concur in the reversal.

Mr. Justice SMITH agrees with me in the views here expressed.