ARKANSAS BURIAL SOCIETY *v.* HOUGH.

4-4645

Opinion delivered May 3, 1937.

*Paul Wolfe* and *Hardin & Barton,* for appellant.
*Daily & Woods,* for appellee.

MEHAFFY, J.   This action was begun in the municipal court of the city of Fort Smith by the appellee against the appellant to recover the sum of $90. The complaint alleged that appellee was a citizen and resident of Fort Smith, Arkansas, and the appellant is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in the city of Fort Smith; that in August, 1934, in consideration of dues paid and agreed to be paid, the appellant issued to the appellee its certificate of membership, No. 1070, by the terms of which it covenanted and agreed that upon the death of Alice Hough, the mother of appellee, the appellant would pay as a funeral benefit, to the appellee, the sum of $100, if the funeral of said decedent was conducted by the Fentress Mortuary of Fort Smith, Arkansas, and the sum of $90 in the event the funeral of said decedent was conducted by any other mortuary. It alleged that appellee had performed all the covenants and agreements contained in the certificate of membership, and that on April 26, 1936, the said Alice Hough, mother of the appellee, died in Sebastian county, Arkansas; that the appellee had made demand on the appellant for payment of $90, and that appellant failed and refused to make said payment. It was alleged that the appellant is engaged in writing insurance, and that the certificate of

membership sued on is a contract for life insurance. He, therefore, prayed for judgment for $90 with interest, and 12 per cent. penalty and attorneys' fees.

The municipal court rendered judgment in favor of the appellant and an appeal was prosecuted to the circuit court of Sebastian county, where there was a verdict and judgment in favor of appellee for $90. The appellee moved for judgment for the amount of verdict and 12 per cent. penalty and a reasonable attorney's fee to be fixed by the court. The court held that the plaintiff was only entitled to a judgment for the amount of the verdict. The case is here on appeal.

On August 23, 1934, the appellant issued to appellee a certificate of membership in the Arkansas Burial Society. This certificate provided that the appellee was the owner of one membership in the Arkansas Burial Society and that the following members of his family are entitled to funeral benefits in this society, and among others includes Alice Hough, mother of appellee, benefits, $100. The certificate recites that it is issued subject to the signed application and the by-laws and the laws of Arkansas governing burial societies, all of which it is expressly agreed are integral parts of this certificate, and the contract between the certificate-holder and the society. It then provides for the payment by appellee of $9.75 per year. One of the by-laws printed on the back of the certificate reads as follows:

"Certificate-holders shall notify the secretary-treasurer of the society or the Fentress Mortuary immediately after any death, and failure to do so within twenty-four hours shall forfeit all rights of benefits in relation to said death."

The by-laws provided that the benefits are provided on the following schedule: "Dependents, age 61 and above at admission, $100, provided the same are furnished through the Fentress Mortuary of Fort Smith, Arkansas. If furnished through another mortuary chosen by the holder hereof, then ninety (90) per cent. of benefits is provided."

The appellee was the beneficiary under said certificate. Alice Hough, the mother of appellee, died on April 26, 1936. Appellee, shortly after the death of his mother, attempted to notify appellant of his mother's death by calling its office over the telephone. He received no response to his call, and a little later on the same morning again attempted to call the appellant over the telephone, and again received no response. The mother's funeral was conducted on the afternoon of Monday, April 27. On Tuesday, April 28, appellee sent the certificate to the office of appellant. The following day, the 29th, appellee went to the office of appellant and met Mr. Stackable, the secretary-treasurer, of appellant. They had a conversation in which Mr. Stackable said that the demand for payment was out of order, and that he had not had any notice, and that he would take it up with the board of directors. A day or two later appellant's attorney called the appellee and informed him that the board of directors of the society had definitely declined to pay his claim.

By-law 3 provides that the benefits shall be $100 provided the same are furnished through the Fentress Mortuary. If furnished through another mortuary chosen by the holder, then 90 per cent. of benefits is provided. In other words, if furnished by the Fentress Mortuary, $100 would be the amount of benefits, and if furnished by any other mortuary, $90 would be the amount of the benefits.

The facts in the case are practically undisputed. It is contended by the appellee that the appellant is an insurance company, and appellant contends that it is an investment company. We find it unnecessary to decide this question. The only question for our determination is whether, under the contract, appellant is liable for the $90.

Appellant contends that the notice required by the by-laws was not given within the time specified, and cites a great many authorities. These authorities, however, are cases where the contract of a carrier with the shipper was involved. The court held that all these

contracts were reasonable, but these authorities, also, hold that they must not only be reasonable, but based on a consideration. The usual form of contract in the cases referred to is that the carrier will not be liable for loss or damage to property unless notified within a certain number of hours. These contracts were all based on reduced rate, that is to say, that the carrier shipped at a reduced rate because of the stipulation. Moreover, the reason for the contracts was that after the goods were delivered the carrier should be notified within a reasonable time of any claim the shipper had so that it might make investigation before the goods were removed or before it became impossible to get the evidence as to the damages. Some of the contracts in cases cited by the appellant were held unreasonable, but a contract of this kind must be reasonable and based on a consideration.

Appellant argues that its obligation was to furnish services and supplies for the burial of the party and there was no intent to pay the certificate-holder money, and that a condition precedent to the obligation to furnish the benefits, services, and supplies, depended upon notice provided for in the contract, and it is argued that this provision was plainly to enable the society to prepare and provide such benefits.

It is true that the contract provided that the appellant would furnish mortuary and burial benefits, but it also provided that if the mortuary and burial benefits were furnished through any mortuary except the Fentress Mortuary, the holder thereof should receive $90, or the appellant would pay for $90 benefits. The contract clearly gave the appellee the right or option to select a mortuary other than the Fentress.

The evidence conclusively shows that an effort was made to notify appellant shortly after the death of the mother, and that failure to notify it was because there was no one at its office to receive the notice. Moreover, the morning after her death, and within the 24 hours, the notice of her death was published in the Fort Smith paper, and the appellant had notice of this. It, therefore,

knew that she had died and no purpose could have been served by giving the notice.

"Generally a person can be said to have notice of a fact only when it is actually communicated to him in such a way that his mind could and did take cognizance of it. And, of course, when a person knows of a thing he has 'notice' thereof, as no one needs notice of what he already knows. While extrajudicial proceedings, or proceedings without jurisdiction, do not operate as constructive notice, yet express notice obtained from such proceeding operates the same as notice obtained in any other manner." *St. L. S. F. Ry. Co. v. State,* 179 Ark. 1128, 20 S. W. (2d) 878.

It is next contended by the appellant that the court erred in permitting the appellee to testify that he had not read the contract, or policy, or certificate. No prejudice could have resulted from this evidence, even if it had been incompetent, because, at the request of appellant, the court gave to the jury the following instruction: "You are further instructed that the plaintiff is charged with notice of the provisions and terms of the Burial Certificate issued to him, and that he is bound by the terms of said certificate regardless of whether he read the same or not."

It is, also, contended by the appellant that the court erred in permitting the appellee to testify that he sent his brother to the office of the association, and, also, that the court erred in permitting appellee to testify as to his conversation with Stackable. There was no error in the court's permitting this testimony.

It is next contended that the court erred in refusing the request for an instructed verdict. The facts, as we have already said, are practically undisputed, and there is ample evidence to sustain the verdict.

Appellant contends that instruction No. 2, given at the request of the appellee, was erroneous. It simply told the jury in effect, that if the appellee took such steps to give notice as a reasonably prudent man would have taken under all the circumstances, and if they further found that appellee's failure to give notice was the

failure of the appellant to maintain at its office or place of business a person to receive such notice within the time prescribed by the by-laws, then they would find for the appellee. The court did not err in giving this instruction. In the first place, if the appellee did what a reasonably prudent man would have done under the circumstances, it was all the law required; and in the second place, as we have already said, the appellant had actual notice.

There are some other objections argued to the instructions, but after a careful consideration, we have reached the conclusion that the instructions as a whole properly submitted the issues to the jury, and it would serve no useful purpose to discuss them in detail.

The judgment of the circuit court is affirmed.