WARREN *v.* COMMERCIAL STANDARD INSURANCE COMPANY.

4-9620                                                         244 S. W. 2d 488

Opinion delivered December 17, 1951.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*J. M. Smallwood,* for appellee.

ROBINSON, J. The appellee herein, Commercial Standard Insurance Company, is the insurer in a policy of liability insurance issued to Guy and Bill Bowen, covering taxicabs owned and operated by the said Bowens. Such policy was in full force and effect on the 4th day of December, 1948, at which time Guy Bowen, while operating one of the taxicabs covered by the policy, collided with a car driven by appellant herein, Ed O. Warren. As a result of said collision, Warren obtained judgment against the Bowens in the sum of $250. Prior to the judgment no notice whatever was given to the Insurance Company as to the occurrence of the accident or the pendency of the suit. Warren was unable to collect his judgment against the Bowens and filed suit against the appellee Insurance Company to collect on said judgment.

There is no dispute between parties as to the facts, the case having been submitted on a stipulation in that respect. The trial court, after considering the agreed

statement of facts, entered a judgment in favor of the Insurance Company, the court holding that the Insurance Company was not liable on the policy because no notice of the accident or of the pendency of the suit was given to the Company prior to the judgment. The policy provides:

"Notice of Accident — When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall ·contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"Notice of claim or suit; Coverages A and B—If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Appellant contends that, since he did not know what company had issued a policy to the Bowens—in fact, did not know, the Bowens had a policy of liability insurance, and therefore could not notify the insurance company— he should not now be deprived of collecting from the insurance company because the policy holder failed to notify the company of the occurrence of the collision and the pendency of the suit. Appellant relies to some extent on § 66-526, Ark. Stat., which provides in effect, among other things, that insolvency or bankruptcy on the part of the policy holder is no defense to the insurer in a suit brought by an injured third party. ·

However, appellant's contention in that respect is untenable for the reason that the insurance company is not seeking to avoid liability on the ground that the policy holder is insolvent or bankrupt, but on the ground that the company had a right to be notified of the occurrence of the accident and the pendency of the suit, so that it could take whatever steps it deemed necessary in defense of the case. Also, appellant relies on the case of *Maryland Casualty Company* v. *Waggoner,* 193 Ark. 550,

101 S. W. 2d 451, but, in that case the insurance company was given notice of the claim and had an opportunity to defend the case if it had cared to do so. Here, the Insurance Company did not receive notice until after the rendition of the judgment against the policy holder.

The appellee herein contends that the terms of the policy provide for notice to the insurance company so that the company could take whatever action appeared advisable in the circumstances, and since it received no notice, the policy holder himself could not recover on the policy, and a third party who had suffered damages had no greater rights than did the person to whom the policy was issued. This was the effect of the holding of the trial court.

In the case of *Home Life & Accident Ins. Co.* v. *Beckner,* 168 Ark. 283, 270 S. W. 529, this court said: ''We do, however, fully agree with the counsel for appellant in his contention that there must be at least a *bona fide* compliance on the part of the assured with these provisions of the contract before he is entitled to a recovery. The assured, in other words, cannot wholly ignore the requirements of the policy as to notice of the occurrence of the accident and as to the claim of the assured on account thereof, and likewise the provision requiring notice of any suit brought by the injured party against the assured for damages on account of the accident. These provisions in an insurance policy are valid. They are intended for the protection of the insurer, in order that he may investigate the circumstances of the injury and determine the course that he will pursue with reference to any claim that may be asserted against the assured by reason of such injury, either before or after suit. Even though not a condition precedent and not a ground for forfeiture of the policy, the insurer has the right to insist that the insured comply with the obligations of his contract.''

With regard to the rights of the injured third party to recover against the insurer in circumstances of this kind, the weight of authority is as stated in 46 C. J. S. 122, as follows:

"Ordinarily, unless otherwise provided by statute, the injured person cannot recover against insurer if insured breaches material terms of the policy by reason of which insurer would be released from liability to insured, such as where insured fails to give insurer the required notice of the accident or injury, notice of the claim against insured, notice of litigation against insured, or fails to co-operate with insurer in defense of liability." In support of the text, cases are cited from numerous States.

Section 75-203, Ark. Stats., (being Act 385, 1947, in effect when the collision occurred between the Warren and Bowen vehicles), requires that the owner of a taxicab have ". . . liability contract of insurance . . . substantially in the form of the standard automobile liability insurance policy, in customary use, to be approved by the Commissioner of Insurance[1] . . .". But, there is no claim made in the case at bar that the clause heretofore quoted (notice of claim or suit) is different from such clause in any "standard automobile liability policy in customary use." Therefore, the policy of insurance issued to Bowen, for all that appears in this record, fully complies with the terms of the Statute. Our Statute does not require that the insurance policy issued under it be a policy on which anyone may bring an action at any time. On the contrary, our Statute requires that the policy of insurance be a policy in customary use. Attention is called to the case of *Hynding* v. *Home Accident Ins. Co.*, 214 Cal. 743, 7 Pac. 2d 999, 85 A. L. R. 13, wherein is discussed liability of insurance companies under statutes which require, or policies which provide for recovery by the injured party against the insurance company regardless of the acts of the assured.

In many States there are statutes providing that nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof by the assured, shall relieve the company from liability under the policy or from payment of a judgment in favor of an injured third party. Of course, where there is a

---

[1] Act 485 of 1949 substitutes the Commissioner of Revenue for the Commissioner of Insurance.

statute which so provides, the failure of the insured to give notice is no defense against an injured third party. However, we do not have such a statute in this State applicable to the parties involved here.

Affirmed.

Mr. Justice WARD dissents.