Arthur G. **AUFDERHAR**, Jr., Appellant,

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY**, Appellee.

No. 17457.

United States Court of Appeals
Eighth Circuit.

May 14, 1964.

Griffin Smith, Little Rock, Ark., made argument for appellant and filed brief with Sam Gardner, Monett, Mo.

John M. Lofton, Jr., of Fulk, Lofton, Wood, Lovett & Parham, Little Rock, Ark., made argument for appellee and filed brief.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

Plaintiff-appellant has taken this appeal from an adverse decision of the District Court denying him recovery in an action on a policy of automobile liability insurance issued by defendant-appellee, American Employers Insurance Company, to one Ann Gleason, the named insured. Federal jurisdiction was perfected upon removal of the present cause of action from state court on the basis of the parties' diversity of citizenship and requisite controverted amount.

Review of the litigation related to the instant appeal is worthwhile. Plaintiff originally filed an earlier suit for damages in Arkansas state court as an outgrowth of serious personal injuries he sustained while riding as a passenger in the named insured's automobile which, while being operated by one Johnnie Cummings with the owner's permission, collided with another automobile at a street intersection in Little Rock, Arkansas on December 1, 1955. Complaint was first filed on March 18, 1957. Plaintiff joined as parties defendant (1) W. J. Walker, the driver of the other vehicle, (2) Cummings, the omnibus insured, and (3) Sy Morrell, the plaintiff's former employer, who was also a passenger in the named insured's automobile at the time of the collision, but purposefully did not sue the named insured who owned the automobile and was its remaining occupant when the accident occurred. Plaintiff obtained valid service of process on non-resident defendants Cummings and Morrell by serving the Arkansas Secretary of State on March 20, 1957 under the Arkansas Non-Resident Motorist Act.[1]

Accordingly, plaintiff's attorney sent by registered mail copies of the process

---

1. Ark.Stats., 1947, § 27–342.2: "Service of such process shall be made by serving a copy of the process on the said Secretary of State and such service shall be sufficient service upon the said nonresident owner, or nonresident operator * * * or upon the resident owner, resident operator, * * * who has subsequently absented himself physically from the State * * * provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff * * * to the defendant at his last known address * * *. The court in which the action is pending may order such continuance as may be necessary to afford the defendant * * * reasonable opportunity to defend the action."

and complaint to Cummings' last known address in Cheyenne, Wyoming, but the letter was returned unopened with the notation, "Moved, no address". Morrell's attorney timely answered the complaint against his client within twenty days from the date of service as required, duly informing appellee of the action's pendency the day following the period for answering had expired.[2] Assuming Morrell's defense, appellee obtained the complaint's dismissal as to him at the ensuing trial in state court on April 1, 1958. A jury verdict exonerated defendant Walker of any liability, but Cummings' failure to answer, appear, or demand a defense in his behalf from appellee caused a default judgment for the alleged $125,000 damages to be entered against him in plaintiff's favor.[3] Plaintiff was unsuccessful in collecting the judgment from Cummings, the judgment debtor, and thereafter brought a direct action against appellee insurance company for indemnification of the omnibus insured's judgment liability pursuant to an Arkansas statute which subrogates an injured party to all rights of the insured under his policy.[4]

In this state court action, subsequently removed to Federal District Court, the decision of which we are asked to reverse now, appellee interposed as a defense against the appealing injured party, the omnibus insured's alleged breach of contract in failing to forward appellee notice as provided for in the policy of insurance:

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

At trial in the District Court, the parties stipulated into evidence the contents of a deposition made by Cummings (hereinafter referred to as "insured") in which he admitted his Wyoming employer in March of 1957 had shown him a newspaper clipping, forwarded by his employer's mother in Arkansas, indicating that he was again being sued as a result of the 1955 automobile accident. Cummings acknowledged that he neglected to contact or forward to the named insured or the insurer any news concerning this notification of his involvement in the lawsuit.

While the factual history underlying this appeal is complex, the legal issue thereby framed for our consideration may be simply stated. Did the insured's failure to forward the insurer timely knowledge of the action's pendency acquired from a newspaper clipping constitute a breach of the insurance contract available to the insurer as a complete defense to the injured party's direct

2. Ark.Stats., 1947, § 27–1135: "A defendant to any complaint or cross-complaint must appear or plead either generally or specially the first day after expiration of the periods of time set forth below, as the case may be:
"First. Where the summons has been served twenty (20) days in any county in the state;
"Second. Where the summons has been served thirty (30) days outside the state * * *."

3. In January of 1956, Walker, the operator of the other vehicle, had sued Cummings and Gleason, the omnibus and named insureds, respectively, in state court, resulting in a damage settlement with appellee who, at the time, advised both defendants of their coverage under the insurance policy.

4. Ark.Stats., 1947, § 66–4001: "Any policy of insurance issued * * * in this State indemnifying any person against any actual money loss sustained by such person for damages inflicted upon the property or person of another, shall contain a provision that such injured person * * * shall be subrogated to the right of the insured named in such policy; and such injured person * * * whether such provision is actually inserted in such policy or not, may maintain a direct cause of action against the insurer issuing such policy for the amount of the judgment rendered against such insured, not exceeding the amount of the policy, provided such judgment remains unsatisfied at the expiration of thirty (30) days from the serving of notice of entry of judgment upon the attorney for the insured or upon the insured or upon the insurer."

cause of action on the policy, which is subrogated to the rights of the insured?

At the outset, we note that the tortious collision occurred, the contract of insurance was executed and the action was originally filed in the State of Arkansas. Thus, the law of this jurisdiction governs.

■ The Arkansas Supreme Court adheres to the general, common-law theory of subrogation which conditions the injured party's recovery against the insurer upon the insured's compliance with the notice requirements of the insurance contract. Warren v. Commercial Standard Ins. Co., 219 Ark. 744, 244 S.W.2d 488 (1951). On the question of the degree of compliance demanded, the Arkansas authorities are collected, reviewed, and analyzed by District Judge Miller in M. F. A. Mutual Ins. Co. v. Mullin, 156 F. Supp. 445, 460–461 (W.D.Ark.1957), wherein he paraphrases his findings:

> "The Arkansas decisions seem to establish the following rules: (1) if the required notices are conditions precedent, they must be given by the insured (either the named insured or the omnibus insured); (2) even if the notices are not conditions precedent, the insurer has a right to insist upon substantial compliance by the insured with the notice provisions; (3) the notice provisions may be conditions precedent even though the specific words 'conditions precedent' are not used in the policy * * *."

In the Mullin case, the attorney for the named insured notified the insurer of the accident, but the omnibus insured did not notify the insurer of the action's commencement against him, thereby breaching a condition of the policy requiring that summons be immediately forwarded. The court ruled that the insurer was not liable to defend the suit on behalf of the omnibus insured, or pay any judgment obtained against him. The holding in Mullin, however, is not entirely dispositive of the issue raised here as there the omnibus insured was personally served with summons, which he failed to forward, whereas here the omnibus insured was served through the Secretary of State and received knowledge only of the action's pendency from a newspaper clipping which he neglected to pass on to the insurer.

No Arkansas authority is on "all-fours" factually with the case at bar as none rests solely upon failure of the insured, who had only actual notice of the suit, to inform the insurer of the pendency of the action. Warren, supra, is most closely akin. There the insured failed to notify the insurer of the collision as well as the pendency of the action, while during the interim, a third party obtained an unsatisfied judgment against the insured. Thereupon suit was filed by the injured third party against the insurer under the Arkansas Direct Action Statute. The lower court held that the terms of the policy provided for notice to the insurance company in order that advisable action under the circumstances could be taken by the insurer, but since no notice was received from the policyholder, neither he nor the injured party was entitled to recover against the insurer on the policy. In affirming, the Arkansas Supreme Court reiterated its words in an earlier decision:

> "In the case of Home Life & Accident Ins. Co. v. Beckner, 168 Ark. 283, 270 S.W. 529, 531, this court said: 'We do, however, fully agree with the counsel for appellant in his contention that there must be at least a bona fide compliance on the part of the assured with these provisions of the contract before he is entitled to a recovery. The assured, in other words, cannot wholly ignore the requirements of the policy as to notice of the occurrence of the accident, and as to the claim of the assured on account thereof, and likewise the provision requiring notice of any suit brought by the injured party against the assured for damages on account of the accident. These provisions in an insurance policy are valid. They are intended for the protection of the insurer in or-

der that he may investigate the circumstances of the injury and determine the course that he will pursue with reference to any claim that may be asserted against the assured by reason of such injury either before or after suit. Even though not a condition precedent and not a ground for the forfeiture of the policy, the insurer has the right to insist that the insured comply with the obligations of his contract.' " Warren v. Commercial Standard Ins. Co., supra 244 S.W.2d at 490.

In the case at bar we do not have in evidence all provisions of the policy and consequently are not apprized as to any express provision making the insured's obligation to forward any demand, notice, summons or other process a condition precedent. Nonetheless, the notice provision in evidence is, on its face, an agreement for the insurer's protection which must be substantially complied with by the insured before the insurer's responsibility attaches. The insured admittedly knew of the action's pendency from the newspaper clipping, but chose not to notify the insurer or take any action towards his defense. While it is true the insurer knew of the pendency of the action against the insured prior to the rendition of the default judgment, but after the time had expired for filing an answer, this notice was received from a co-defendant, not the insured, and furnished the insurer not the slightest clue as to whether or not the insured had been served with process.

In Campbell v. Continental Cas. Co. of Chicago, 170 F.2d 669, 6 A.L.R.2d 655 (8th Cir. 1948), we held in a diversity action arising under Missouri law that merely because an insurer knew of the pendency of the action as a result of one insured's forwarding it process served on him as a co-defendant, there was no obligation to assume a co-insured's defense until the insurer was notified of his being served. Speaking for this Court, Chief Judge Johnsen said 170 F.2d at page 671:

"And neither the language of the policy, nor the construction made by any court of such provisions as it contains, has imposed on the insurer, merely because it knows that an insured has been named as a defendant in an action, the sentry duty of tracking back and forth to the court house to keep a check on if or when he may be served with process."

Thus, in the instant case, the insured, with knowledge of his coverage from participation in settlement of a prior claim and notice of the action's pendency breached a valid provision of the policy by neglecting to inform the insurer of the pendency of the action. Moreover, it is readily discernible from the Arkansas Supreme Court's rationale in Warren, supra, that substantial compliance with the notice provisions of the insurance policy with respect to an insured's duty to inform the insurer when served with process would control in like manner when the insured had only knowledge of the lawsuit, since the provision's purpose of availing the insurer the opportunity to prepare its course of action without prejudice of delay would be equally served in both instances.

Appellant maintains that the notice provision of the insurance contract was not breached where the insured's noncompliance is caused by his failure to actually receive suit papers through no fault of his own, relying in chief upon Groth v. Standard Accident Ins. Co., 267 F.2d 399 (7th Cir. 1959). In that Illinois diversity action, the insured made timely report of the accident and the insurance company engaged in settlement negotiations with the injured party. The insured heard nothing further in connection with the claim until he was served with execution of a default judgment which he promptly forwarded to the insurer who refused to accept defense of the action. In Groth, the insured immediately forwarded the insurer the first and only notice of the claim that he received. In the present case, the insured received knowledge of the pendency of the action long before rendition of a de-

fault judgment but never submitted this information to the insurer.

■ Correspondingly, appellant argues that "notice" referred to in the policy must be defined as official or legal notification since the language of the clause does not lend itself to making bare "knowledge" synonymous with "notice". Appellant fortifies his argument by resort to the maxim of *ejusdem generis*, submitting that the words "or other process" limit the scope of the contract's provisions to strictly legal papers. To the contrary, the Arkansas Supreme Court's ruling in Warren v. Commercial Standard Ins. Co., supra, connotes placement of a broader, more inclusive interpretation on such a notice provision in a contract of insurance. The insured is obliged to inform the insurer of any claim or notice of suit irrespective of the information's origin in order that the insurer can investigate the claim, preserve testimony, if necessary, and otherwise protect its interests as well as those of the insured. Furthermore, Arkansas courts have traditionally held that a person who knows of a thing is chargeable with "notice" thereof. St. Louis-San Francisco Ry. Co. v. State, 179 Ark. 1128, 20 S.W.2d 878, 880 (1929); Arkansas Burial Soc'y. v. Hough, 193 Ark. 1105, 104 S.W.2d 809, 812 (1937); Waller v. Dansby, 145 Ark. 306, 224 S.W. 615, 617 (1920).

By forwarding notice of the action's pendency, the insured could have secured not only a defense in his own behalf but also afforded the insurer the opportunity to protect itself by the entry of a plea within the statutory time for answering. Under the Arkansas Non-Resident Motorist Act, the Secretary of State is appointed the non-resident motorist's agent for service of process. Although this statute does not specify the time for filing an answer, the general Arkansas statute for filing an answer applies requiring the defendant's plea within twenty days after in-state service of process upon the Secretary. See Ark.Stats., 1947, §. 27–1135, supra note 2, and McCallum v. General American Oil Co. of

Texas, 21 F.Supp. 401 (W.D.Ark.1937). Under the 1955 Amendment to § 29–401 of the Arkansas Statutes of 1947, effective when the first action was inaugurated in state court, judgment by default was made mandatory when the defendant either failed to plead or obtain from the court for "good cause" an extension of time for pleading within twenty days · after the service of summons. The only pertinent relief from foreclosure under the 1955 form of this amendment to § 29–401 was in the case of a defendant who had been prevented by unavoidable casualty from appearing or otherwise making a punctual defense. Ark.Stats. 1947, § 29–506. The Arkansas Supreme Court has observed that for nearly one hundred years such misfortune has been recognized as a basis for vacating a judgment. Walden v. Metzler, 227 Ark. 782, 301 S.W.2d 439 (1957); Pyle v. Amsler, 227 Ark. 785, 301 S.W.2d 441 (1957). However, the insured suffered no unavoidable casualty available to the insurer as grounds for setting the default judgment aside nor was the co-defendant's notice of the action's pendency received by the insurer before the statutory time for answering on behalf of the insured had expired, extinguishing with it the possibility of applying for extended time within which to plead as provided for in § 29–401.

■ Finally, appellant suggests that no prejudice befell the insurer in failing to receive notice of the suit against the insured until after the date for answering the complaint as the Non-Resident Motorist Act, supra note 1, specifically permits the court to accept a late defense via a continuance. This Act merely empowers the trial court to grant continuances and makes no reference to the time for pleading which is fixed by the general statute on answering. The two statutes do not provide, nor have they been construed by the courts, to be read in *pari materia* to permit an extension of time for filing an answer in a non-resident motorist action. Foreseeably, to give effect to both statutes, Arkansas courts might construe the Non-Resident

Motorist Act as permissive only in conferring power on the trial judge to grant a continuance to a non-resident defendant so that he would have reasonable opportunity to prepare his defense following entry of a timely plea or a request for extended time to plead to the complaint in accord with the general answering statute, § 27–1135 and § 29–401, respectively. Assuming even further that the continuance provision of the Non-Resident Motorist Act vests in the trial court permissive authority to extend the time for answering, there is no assurance the court would exercise permissible authority in this instance, in light of the Walden and Pyle decisions, supra, which necessitate a showing of extenuating circumstances before a default judgment may be set aside and a tardy plea entered.

We conclude the District Court's finding that the remissness of the insured to notify the insurer of the pendency of the action breached the notice provision of the contract of insurance, thereby preventing appellant's recovery against the insurer on his action in subrogation, is a proper application of Arkansas law. The judgment is therefore affirmed.