**PROVIDENCE WASHINGTON INSURANCE COMPANY, Plaintiff,**

v.

**YELLOW CAB COMPANY OF FAYETTEVILLE, INC., et al., Defendants.**

**No. F-71-C-18.**

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Sept. 15, 1971.

Crouch, Blair, Cypert & Waters, Springdale, Ark., for plaintiff.

Pearson & Pearson, Fayetteville, Ark., for Yellow Cab.

Wade, McAllister, Wade & Burke, Fayetteville, Ark., for Tisdales.

## OPINION

JOHN E. MILLER, Senior District Judge, sitting by designation.

This is a suit commenced by plaintiff on May 10, 1971, for a declaration of rights and other legal remedies of the parties under and pursuant to 28 U.S.C. § 2201.

The plaintiff, Providence Washington Insurance Company (hereinafter referred to as Providence), is a corporation and citizen of the State of Rhode Island and has no principal place of business or office in the State of Arkansas. The defendant Bruce A. Donahue (hereinafter referred to as Donahue), whose last known address was Route 1, Winslow, Arkansas, is a citizen of a state other than Rhode Island, but his exact location is presently unknown. The defendant Yellow Cab Company of Fayetteville, Inc., (hereinafter referred to as Yellow), is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business in Fayetteville, Washington County, Arkansas. The defendants Wallace Tisdale and Opal Tisdale, his wife, (hereinafter referred to as Tisdales), are citizens of Arkansas and residents of Washington County. The amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. The court has jurisdiction of the parties and the subject matter by virtue of diversity of citizenship and the amount involved. 28 U.S.C. § 1332. The substantive law of Arkansas governs.

On April 7, 1971, the defendants Tisdales commenced an action in the Washington Circuit Court against the defendants Yellow and Donahue, seeking to recover the sum of $30,000 for personal injuries and property damage allegedly suffered by them on February 17, 1969, proximately caused by the negligence of Donahue in the operation of a taxicab belonging to Yellow and while acting within the course and scope of his employment by Yellow.

Prior to the injury received by the Tisdales, the plaintiff Providence on or

about January 2, 1969, issued its automobile liability policy, which was in full force and effect on the date of the accident on or about February 17, 1969, agreeing to pay on behalf of Yellow all sums which it shall become legally obligated to pay as damages because of bodily injury, sickness or disease and property damage.

Shortly after the commencement of the suit by the Tisdales in the State court, certain agents of the plaintiff read about the filing of the suit in a local newspaper. This was the first notice of any kind that the plaintiff had relative to the accident. When this information was obtained in that manner, the plaintiff, on April 21, 1971, filed an answer in the State court to the complaint of the Tisdales, in which it specifically reserved the right to subsequently file amended pleadings if in the course of discovery such pleadings became necessary. Subsequent to the filing of the answer, the plaintiff investigated the facts relative to the claim of the Tisdales, and filed its complaint in this court on May 10, 1971, for a declaration of rights, in which it alleged that the policy of insurance issued by it to the defendant Yellow provides under "Conditions" as follows:

"1. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any authorized agent as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonable obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and all available witnesses.

"2. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

The plaintiff further alleged in paragraph XIII of its complaint that the insured, Yellow, breached the aforementioned conditions by reason of its failure to give the plaintiff written notice of the accident, which occurred on February 17, 1969, as required by Condition 1 of said policy of insurance, and by reason of its failure to immediately forward to the company every claim, demand, notice, summons or other process received by said insured as a result of said accident.

That by reason of the breaches of the conditions, the plaintiff is not liable under said policy regardless of whether it was prejudiced by such breaches on the part of the insured; that in any event the plaintiff was prejudiced by such breaches on the part of the insured, Yellow, by reason of the fact that more than two years had elapsed since the date of the alleged accident, and it was impossible for the plaintiff to investigate same prior to the filing of said lawsuit by the Tisdales, and for the further reason that because of the passage of such time "it isn't now possible to locate any of the alleged witnesses. to said accident other than the said Wallace Tisdale and Opal Tisdale, the plaintiffs in the State court suit."

The plaintiff alleged that there was no coverage under the terms and provisions of its policy, and prays for declaratory judgment that it has no duty to defend the State court lawsuit, or to pay any judgment which might be rendered in said suit or any other suit as a result of the collision between the automobile being driven by Tisdale and the cab owned by Yellow and being driven by Donahue on February 17, 1969.

On June 3, 1971, Yellow filed its answer and counterclaim to the complaint of the plaintiff. In its answer Yellow stated:

"* * * that it is without knowledge of information sufficient to form a belief as to the truth of the allegation set out in paragraph XIII of plaintiff's complaint. This lack of information is predicated upon the fact that Carter Crider was the business manager of the defendant corporation and that he is now deceased. * * * that, if notice was not given to plain-

tiff of the accident in question, this defendant should be excused for failure to give the required notice to plaintiff in that defendant, acting as a reasonably prudent person, believed that it was not liable for the accident in question, and that this defendant had no reasonable grounds for belief that any act or omission by it or any act of its employees was the cause of the alleged injury upon which the action by Wallace and Opal Tisdale, husband and wife, against the defendant and Bruce A. Donahue in the Circuit Court of Washington County was based. * * * that defendant, acting as a reasonably prudent person, had reason to believe that the accident in question was trivial and resulted in no apparent harm, and gave this defendant no reason to believe at that time, that any claim for damages would arise, and this defendant had no reason to believe that any claim for damages would arise from said accident until this defendant received notice of the filing of said suit in the Circuit Court of Washington County. * * * that the requirement for such notice as set forth in the policy of insurance, Exhibit A to plaintiff's complaint, was not and is not a condition precedent to the contractual obligation of the plaintiff to defend the pending action in the State court, as well as to pay any judgment therein rendered within the terms of coverage afforded by said policy, and the plaintiff because of said alleged lack of notice, if any, was not and is not prejudiced in any degree because of same. That in the suit pending in the State court as aforesaid, the plaintiff, without knowledge of either defendant named therein, entered the appearance of all defendants when, as a matter of fact, service could not be had on the defendant Bruce A. Donahue and had not been procured. * * and in assuming the defense in behalf of both defendants, the plaintiff is estopped from denying coverage under said policy of insurance in question."

In its counterclaim Yellow prayed that the court declare that it is the duty of plaintiff to defend the State court action without any reservation of rights and to pay any judgment rendered therein.

The plaintiff on June 9, 1971, filed its reply to the counterclaim of Yellow, in which it denied the allegations of Yellow and specifically referred to letters written by plaintiff's attorney on April 19, 1971, to Yellow and Donahue, in which it stated the position and contentions of plaintiff, and added:

"However, we are willing at this time to undertake an investigation of this matter, and to undertake, at least initially, the defense of the lawsuit which has been filed, with the express understanding and agreement that, by doing so, Providence Washington Insurance Company does not waive any of its rights under the above quoted policy provisions [notice of accident, etc.] or any other provisions of said policy designed to protect the rights of my client, and provided further that our conduct in undertaking the investigation and defense of this matter will in no manner estop Providence Washington Insurance Company from later exercising the rights given it under the aforementioned provisions of said policy.

"You should understand that we reserve the right, at any time, to deny coverage as a result of your failure to give the notice required by the policy, and further reserve the right to at any time withdraw from the further defense of the lawsuit filed against you and to tender such defense to you or your agents or attorneys.

"If you do not agree with any of the above or if you feel that your rights in this matter will be prejudiced in any manner by our investigation and initial defense of the above captioned lawsuit, you should notify me immediately. If I do not hear from you or your attorney within three days of the receipt of this letter advising that you do not wish for us to under-

take to investigate and initially defend this matter, I will assume that you are agreeable to the above.

"We should also advise you that the amount demanded in the above captioned suit is greatly in excess of the limits of your policy of insurance, and you may desire to engage personal counsel to protect you against verdicts in excess of said policy limits, and you should be advised that you have a right to do so if you feel that such is advisable."

The first answer and counterclaim of Tisdales was filed June 21, 1971, and upon motion of plaintiff was dismissed on June 23, 1971, upon the authority of Ark.Stat.Ann., § 66–4001 (1966 Repl.) and the decisions referred to in my letter opinion of June 23, 1971, addressed to the attorney for the Tisdales and to the attorney for plaintiff. An amended and substituted answer of Tisdales was filed July 28, 1971, but it is not necessary to further refer to that answer.

On August 2, 1971, the plaintiff filed a motion for summary judgment, and the defendants Tisdale filed their response and their motion for summary judgment on September 8, 1971. The movants have submitted memoranda in support of their respective contentions, and the motions are ready for consideration and determination.

On September 13, 1971, Yellow filed its response to the motion of Providence and a motion for summary judgment together with memoranda. In the memoranda submitted by Yellow in opposition to the motion of Providence and in support of its own motion, it merely adopts by reference the motion of Tisdales for summary judgment and statement in support thereof, and contends that Yellow is entitled to judgment herein as matter of law pursuant to the provisions of Rule 56, Fed.R.Civ.P.

Rule 56(c), Fed.R.Civ.P., provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

There is no genuine issue as to any material fact, and the plaintiff, Providence, is entitled to a judgment as a matter of law.

The facts relative to the failure of Yellow to give notice of the accident or notice of the suit are established by the answers of Yellow to the interrogatories and admissions. There is no dispute as to whether any notice was given. The affidavit of the Claims Superintendent of Providence filed with the motion for summary judgment states unequivocally that no notice was received, and it learned of the accident for the first time on April 12, 1971, after the lawsuit had been filed on April 7, 1971. Providence did not learn of the accident from agents of Yellow.

In answer to a request for admission of fact filed by Tisdales, Yellow admitted that its taxicabs were involved in automobile accidents on January 11, January 16, January 18, January 22 and February 7, 1969. The President and attorney of Yellow stated that it was the normal business practice for Yellow to report all accidents to McNair-Cravens Company as underwriting agent for the plaintiff insurance company, but that company advised that it has no information of the report of any accident durig the period between January 3, and February 17, 1969, except the one that occurred on or about February 7, 1969, between a taxicab driven by employee Riggs and a 1967 Oldsmobile owned and driven by Judge Thomas F. Butt, Chancellor of the Thirteenth Chancery District of Arkansas.

Turning to the accident involved herein, the response of Yellow to the requests for admission of fact submitted by Providence reveals that the proper agents of Yellow were aware at the time of the accident, or shortly thereafter, that the damage to its cab in the collision with the Tisdales amounted to $307.69. In

response to request No. 3 Yellow stated that it could not truthfully admit or deny that substantial damage was done to the vehicle owned by Tisdales, and stated that its lack of information was "predicated upon the decease of Carter Crider, the failure to recollect the circumstances on the part of John William Murphy, and defendant's inability, after due diligence, to ascertain the whereabouts of Bruce A. Donahue."

It also admitted that shortly after the accident the matter was turned over to Yellow's attorney, Mr. John William Murphy; that Murphy had access to the police report completed by James C. Bailey and filed on the date of the accident, February 17, 1969; that the present officers of Yellow did not at any time prior to the suit being filed give notice of such accident to Providence or any agent; and that no agent or attoney for Yellow gave notice of the accident to Providence at any time prior to the suit being filed. In an interrogatory submitted by Providence to Yellow, it was requested to "state in detail all actions taken by you or your company relative to such accident after learning of the same," to which Yellow answered:

"This matter was discussed with John William Murphy, the President and attorney for Yellow Cab Company of Fayetteville, Inc., at the time of the alleged accident. Extensive efforts to locate Bruce A. Donahue have been undertaken without success."

There can be no question but that Yellow was fully advised of the accident on the date it happened, February 17, 1969. It was reported to their office and to their President and attorney. Nothing was done. No notice was given of the accident to Providence at any time. Notice was not even given of the filing of the suit by Tisdales.

In M.F.A. Mutual Ins. Co. v. Mullin (W.D.Ark.1957), 156 F.Supp. 445, the court considered all the opinions of the Supreme Court of Arkansas that had been decided at the time on the questions involved herein, and at pages 460–461 said:

"The Arkansas decisions seem to establish the following rules: (1) if the required notices are conditions precedent, they must be given by the insured (either the named insured or the omnibus insured); (2) even if the notices are not conditions precedent, the insurer has a right to insist upon substantial compliance by the insured with the notice provisions; (3) the notice provisions may be conditions precedent even though the specific words 'conditions precedent' are not used in the policy (see American Fidelity & Cas. Co., Inc. v. Northeast Arkansas Bus Lines, Inc. [201 Ark. 622, 146 S.W.2d 165] supra.)."

In Aufderhar v. American Employers Ins. Co. (8 Cir. 1964), 331 F.2d 681, Judge Mehaffy, writing for the court, quoted with approval the holding of the court in Mullin, supra. He also cited and quoted with approval the holding of the Supreme Court of Arkansas in Home Life & Accident Ins. Co. v. Beckner (1925), 168 Ark. 283, 270 S.W. 529, as follows:

" 'We do, however, fully agree with the counsel for appellant in his contention that there must be at least a bona fide compliance on the part of the assured with these provisions of the contract before he is entitled to a recovery. The assured, in other words, cannot wholly ignore the requirements of the policy as to notice of the occurrence of the accident and as to the claim of the assured on account thereof, and likewise the provisions requiring notice of any suit brought by the injured party against the assured for damages on account of the accident. These provisions in an insurance policy are valid. They are intended for the protection of the insurer, in order that he may investigate the circumstances of the injury and determine the course that he will pursue with reference to any claim that may be asserted against the assured by reason of such injury, either before or after suit. Even though not a condition precedent and not a ground for forfeiture of the pol-

icy, the insurer has the right to insist that the insured comply with the obligations of his contract.' "

In Warren v. Commercial Standard Ins. Co. (1951), 219 Ark. 744, 244 S.W.2d 488, the Supreme Court of Arkansas at page 746 of 219 Ark., at page 490 of 244 S.W.2d quoted with approval the preceding statement of the law from Beckner, supra.

Judge Mehaffy also considered Warren, supra, and at page 684 of 331 F.2d said:

"There the insured failed to notify the insurer of the collision as well as the pendency of the action, while during the interim, a third party obtained an unsatisfied judgment against the insured. Thereupon suit was filed by the injured third party against the insurer under the Arkansas Direct Action Statute. The lower court held that the terms of the policy provided for notice to the insurance company in order that advisable action under the circumstances could be taken by the insurer, but since no notice was received from the policyholder, neither he nor the injured party was entitled to recover against the insurer on the policy."

In American Fidelity & Cas. Co., Inc. v. Northeast Arkansas Bus Lines, Inc. (1941), 201 Ark. 622, 146 S.W.2d 165, the court had under consideration the same questions that are involved in the instant case, and at page 623, 146 S.W.2d at page 166, the court said:

"We agree with appellant that it devolved upon appellees to show compliance with the above provision, since it is a condition precedent to recovery. We think, however, that appellees have done this."

In Home Indemnity Company v. Finley (E.D.Ark.1966), 261 F.Supp. 318, Chief Judge Henley was dealing with cooperative clauses in liability insurance policies, and in reference thereto stated at page 321:

"Whether compliance with such a clause by an insured be deemed a condition precedent to coverage or a condition subsequent which absolves the insurer from liability, there is no question that the clause is a valid and enforceable part of the contract of insurance, and if there is a substantial breach of it by the insured, including an omnibus insured, the insurer is not liable on the policy either to him or to a person injured by his negligence or misconduct, particularly where the breach is prejudicial to the insurer." (Citing cases.)

■ The contention of Yellow that its failure to give notice of the accident was not a breach of the policy because the giving of such notice is not a specific condition precedent to the establishment of liability on the part of Providence is without merit. It cannot be doubted that if the required notice had been given of the happening of the accident, Providence would have been in a position to defend the claim now being asserted by Tisdales. However, Yellow did not even give notice of the filing of the suit which occurred two years, one month and twenty days after the accident. In the meantime, the driver of the Yellow cab had disappeared, and if there were witnesses other than the Tisdales and Donahue, they cannot be located by Providence because of the lapse of time.

Yellow also contended that it had no reason to believe that the damage to the car of Tisdales or the personal injuries received by Mrs. Tisdale were anything other than trivial, but the fact remains that Yellow did know immediately after the accident that the damage to the automobile of Tisdales was considerable and that Mrs. Tisdale was complaining of personal injuries. As held in Home Life & Health, supra, even though it was not specifically stated that the notices required by the policy were conditions precedent and ground for forfeiture of the policy, "the insurer has the right to insist that the insured comply with the obligations of his contract."

■ Yellow has alleged in its answer and counterclaim that Providence, by filing the answer of Yellow and Donahue

in the State court suit, is now estopped to claim that the loss resulting to the insured, Yellow, from an adverse judgment in such action is not within the coverage of the policy, or to assert some other defense existing at the time of the accident. Plaintiff in its reply to the counterclaim stated that no prejudice had been suffered by reason of the filing of the answer. On April 19, 1971, Providence, by the letters of its attorneys to Yellow and to Donahue, stated its position and advised that it would not proceed with the defense of the action except under a reservation of rights as set forth in the letter.

This question was considered by the Supreme Court of Arkansas in Aetna Cas. & Surety Co. v. Simpson (1957), 228 Ark. 157, 306 S.W.2d 117. This was an action to enforce several small judgments which the plaintiffs had obtained as damages when involved in an automobile collision with James E. Knight, Sr. The judgments were not satisfied, and in an attempt to enforce the judgments, appellees filed the suit against the insurance company, the liability carrier of James E. Knight, Jr., who owned the automobile. The plaintiffs contended that the insurance company was estopped to assert a breach by the insured of the contract of insurance because the company had defended the insured in the actions against him. In the answer filed by the insurance company to the complaint of the appellees, among other defenses, it was alleged that immediately following the accident for which appellees obtained judgments:

" * * * defendant undertook to investigate said accident, including the facts and circumstances under which the automobile in question was being used at the time of the accident. In the course of this investigation James E. Knight, Jr., and James E. Knight, Sr., made deliberate, false and highly material representations of fact concerning the use to which the insured automobile was being put at the time of the accident. These false statements of fact were also made to representatives of plaintiffs with the intention on the part of James E. Knight, Jr., and James E. Knight, Sr., of aiding plaintiffs in procuring a settlement or recovery from defendant and with the further intention of providing coverage for James E. Knight, Sr., under the omnibus provision of said policy.

"Upon defendant's discovery of the above false and deliberate representations of fact, it immediately gave notice to James E. Knight, Jr., that further defense would be provided under full reservation of rights and without waiver of any of the rights of the defendant under the provisions of said policy. Also upon the discovery of said false representations, defendant gave immediate notice to James E. Knight, Sr., that no coverage or defense would be provided him under the terms of said policy."

The court held that the insurance company was not estopped to rely upon the provisions of the policy, and at page 166 of 228 Ark., at page 122 of 306 S.W.2d said:

"The great weight of authority, however, sustains the contention of appellant and we believe it is the better rule. It is stated in 29 Am.Jur. 673, as follows:

" 'No estoppel arises against a liability insurer where, although defending a suit against the insured, it insists on its non-liability under the policy, and its defense of the suit is merely to protect itself and comply with its agreement.'

"There is a long annotation on the subject in 38 A.L.R.2d 1148. There, at page 1161, it is said:

" 'As noted in the original annotation, [81 A.L.R. 1382] it is a well-established rule that a liability insurer will not be estopped to set up the defense that the insured's loss was not covered by the insurance policy, notwithstanding the insurer's participation in the defense of an action against the insured, if the insurer gives timely notice to the insured that it has not

waived the benefit of its defense under the policy. Support for this principle is to be found in the following cases: * * * ' Numerous cases from the U. S. courts and 27 states are cited in support of the text."

Under the law of Arkansas as applied to the undisputed facts, Providence Washington Insurance Company has no duty to defend the State court suit or any other lawsuit that might be filed as a result of the alleged accident involved herein, and has no duty to pay any judgment which may be rendered in favor of the defendants Wallace Tisdale and Opal Tisdale in the State court suit or any other lawsuit filed by any individual as a result of the accident involved herein, and there is no liability coverage under the policy before the court issued by plaintiff with reference to any claims arising out of the said accident herein involved. The motion of plaintiff should be sustained, and the motion for summary judgment of the defendants, Yellow Cab Company of Fayetteville, Inc., Wallace Tisdale and Opal Tisdale, husband and wife, should be denied and overruled, with costs adjudged against the Yellow Cab Company of Fayetteville, Inc.