HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Plaintiff,

v.

Mrs. H. B. LOYD, Jess McConnell, d/b/a
McConnell Pest Control, and McCon-
nell Termites, Inc., Defendants.

No. 1479.

United States District Court
W. D. Arkansas,
Fort Smith Division.

May 15, 1959.

8

Daily & Woods, Fort Smith, Ark., for plaintiff.

Roy S. Dunn, Booneville, Ark., Hardin, Barton, Hardin & Garner, Fort Smith, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

On April 3, 1959, the plaintiff, Hartford Accident and Indemnity Company, filed its complaint for declaratory judgment herein against the defendants, Mrs. H. B. Loyd, Jess McConnell, d/b/a McConnell Pest Control, and McConnell Termites, Inc., hereafter referred to as McConnell and Termites, Inc., respectively. The plaintiff alleged that it is a corporation organized under the laws of Connecticut with its principal place of business in said State, that each of the defendants is a citizen and resident of the Western District of Arkansas, and that the amount in controversy is in excess of $10,000. The plaintiff alleged that it had issued a policy of liability insurance to the defendant McConnell,

covering McConnell's operations; that on March 14, 1959, Mrs. H. B. Loyd filed a complaint in the Circuit Court of the Southern District of Logan County, Arkansas, against McConnell and Termites, Inc., in which suit Mrs. H. B. Loyd, as plaintiff therein, contended that her home was damaged by fire as a result of alleged negligence on the part of McConnell. In the suit filed by Mrs. Loyd against McConnell and Termites, Inc., she contended that she had contracted with McConnell and Termites, Inc., for termite extermination at her home, and that in the course of their work McConnell and the corporation negligently broke a butane pipe, as a result of which a fire occurred destroying her home on June 17, 1958. The complaint of the plaintiff insurer herein further alleged that its policy issued to McConnell required immediate notice of any claim which might be made against him, but that no notice was given to the plaintiff of any such claim until after suit was brought by Mrs. Loyd against McConnell and Termites, Inc., on March 14, 1959. The plaintiff further alleged that by the failure of McConnell to give the required notice, it was unable to make an efficient investigation, and that it would be impossible for it to defend the suit brought by Mrs. Loyd.

In due course the defendant, Mrs. H. B. Loyd, filed her answer to plaintiff's complaint herein, in which she alleged that no valuable evidence had been destroyed, and that the plaintiff insurance company has had and will be given adequate opportunity to investigate and defend the suit, and prayed that the complaint of the plaintiff be dismissed or, in the alternative, that the court declare it to be the plaintiff's legal duty to defend McConnell and Termites, Inc. The defendants, McConnell and Termites, Inc., answered denying that notice of Mrs. Loyd's claim was not furnished to the plaintiff, and alleging that notice of said claim was given to one John McConnell, who was an agent for the plaintiff, Hartford Accident and Indemnity Company. They further denied that any possible

liability fell upon McConnell Pest Control for any damages claimed by Mrs. Loyd.

On April 17, 1959, the plaintiff filed its request for admission of facts, which were duly answered by all defendants, and thereafter the plaintiff filed its motion for summary judgment herein based upon the admissions filed by the parties.

The facts as established by the admissions of all defendants are not in dispute and are substantially as follows. Sometime shortly prior to June 17, 1958, Mrs. H. B. Loyd contracted either with Jess McConnell, d/b/a McConnell Pest Control and/or McConnell Termites, Inc., for the extermination of termites in and around her home. The contract was headed:

"Termites Inc.
"McConnell Pest Control"

and the same words in the same order appear over the signature shown to be "Authorized Representative." McConnell Pest Control is not a corporation, but is a business operated by Jess McConnell. McConnell Termites, Inc., or sometimes known as merely Termites, Inc., is a corporation formed by Jess McConnell and two other persons.

Following the treatment of Mrs. Loyd's home for termites by either McConnell or Termites, Inc., a fire occurred on June 17, 1958, destroyed or seriously damaging the home. Mrs. Loyd contends the fire was a result of negligence on the part of the McConnell organizations in causing a break in a butane pipe.

On July 2, 1958, Mrs. Lloyd addressed an envelope to "McConnell Pest Control" in Fort Smith, Arkansas, and addressing the letter in the same manner advised McConnell Pest Control that the fire had occurred, and stated further:

"I let you do the work because I believed that you were a large, reputable company and you assured me you were bonded and insured to make your customers safe.

"I hope that you will talk this over with me and look at the evidence. I have suffered a tremendous

loss and I know that it could have been avoided by careful checking."

Mrs. Loyd again wrote McConnell Pest Control on July 29, 1958, indicating that unless she heard further from McConnell within the next week that she would "tell my attorney to proceed as he sees necessary."

After receipt of the first letter from Mrs. Loyd, the defendant McConnell turned the letters over to Termites, Inc., which employed an adjuster to investigate the fire, who addressed his report to McConnell. However, he was employed only by Termites, Inc., and not by the Pest Control. The investigator located a butane pipe which evidently had been broken or ruptured in some manner, and advised that a metallurgist should be employed to determine whether the pipe was ruptured due to a blow or due to some other condition. No metallurgist was employed.

McConnell never notified the plaintiff until March 25, 1959, that any claim was being made against him.

The policy issued by the plaintiff was issued solely to Jess McConnell, d/b/a McConnell Pest Control, and it is not contended by anyone that the policy covered Termites, Inc. It is the contention of McConnell, however, that as the work at Mrs. Loyd's house was done solely by the corporation, McConnell had no reason to believe that a claim was being made against him. The defendant, Jess McConnell, therefore, argues that he was not obligated to advise the plaintiff of any claim against him since he could not be liable, and since he had no reason to believe that the claim was being pressed against anyone other than the Termites, Inc. It is admitted, however, that no notice was given to the plaintiff until March 25, 1959, when McConnell's attorneys advised the plaintiff by telegram that suit was pending against Jess McConnell, d/b/a McConnell Pest Control.

The defendant's contention that it was under no obligation to furnish notice of the claim cannot be sustained. The policy issued by the plaintiff to McConnell provides under the heading "Conditions":

"10. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"11. Notice of Claim or Suit: If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

&ast; &ast; &ast; &ast; &ast; &ast;

"13. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

In M.F.A. Mutual Ins. Co. v. Mullin, D.C.W.D.Ark.1957, 156 F.Supp. 445, 460, this court reviewed the decisions of the Supreme Court of Arkansas relative to the requirement of notice, and summarized as follows the rules as set forth in those decisions:

"The Arkansas decisions seem to establish the following rules: (1) if the required notices are conditions precedent, they must be given by the insured (either the named insured or the omnibus insured); (2) even if the notices are not conditions precedent, the insurer has a right to insist upon substantial compliance by the insured with the

notice provisions; (3) the notice provisions may be conditions precedent even though the specific words 'conditions precedent' are not used in the policy (see, American Fidelity & Cas. Co., Inc., v. Northeast Arkansas Bus Lines, Inc., supra [201 Ark. 622, 146 S.W.2d 165])."

The provisions in the policy before the court in the Mullin case, supra, relative to notice were also written under the heading "Conditions," and in part provided, as here, that in the event of accident, occurrence or loss, written notice shall be given to M.F.A. Mutual as soon as "practicable." The court concluded that such a provision was a condition precedent and, as indicated in the above excerpt from the policy in the instant case, where the requirement of notice is a condition precedent, the notice must be given by the insured. Where the notice requirement is such a condition, the court concluded that the insurer, under the decisions of the Supreme Court of Arkansas, is not required to show that he is injured or prejudiced by the failure of the insured to furnish the required notice.

■ Therefore, it is not necessary to determine whether the plaintiff insurer was prejudiced by the failure of McConnell to give notice. The court in the Mullin case, supra, held the same clause containing almost identical words to constitute a condition precedent, and further held that under such circumstances no prejudice need be shown. Such were this court's conclusions after reviewing the applicable decisions of the Supreme Court of Arkansas, and the defendants have cited no cases which militate against such conclusions.

■ It is true, of course, as the defendants contend, that the notice need not be given until the insured is reasonably apprised or should be apprised that a claim is being made. The insured in this instance was Jess McConnell, d/b/a McConnell Pest Control. It is his contention that the work out of which Mrs. Loyd's claim arose was done solely by Termites, Inc., and consequently he did not anticipate any liability on his part or any claim against him. Since the issues here are before the court on admissions of fact only, the court must accept the contention of the defendants, Jess McConnell and Termites, Inc., that only the corporation did the work on Mrs. Loyd's home. However, that fact did not relieve McConnell of his obligation to furnish notice because the claim made by Mrs. Loyd on July 2, 1958, was directed solely to McConnell Pest Control. Likewise, the claim stated in her letter of July 29, 1958, was addressed solely to the Pest Control and not to the corporation. These facts taken together with the fact that the contract, by including the names of both organizations would certainly be calculated to mislead Mrs. Loyd, was sufficient to apprise McConnell that some claim, however unfounded it may have been in law, was being made against him personally, d/b/a McConnell Pest Control. He seeks here to require his insurer to defend what he claims to be a wholly unfounded action, and at the same time justifies his failure to notify his insurer on the ground that, in his opinion, any action against him would be without merit. He may not on the one hand require the defense provided for in the policy for an unfounded action and, at the same time, refuse to notify his insurance company on the ground that it was unfounded. If the company is required to defend an unfounded action—which it is—it is equally entitled to the notice required in the policy regardless of its insured's own personal notions of what his legal liability was.

■ The defendant, Jess McConnell, was notified by Mrs. Loyd of her claim by letter on July 2, 1958. More than eight months elapsed before any notice whatever was furnished by McConnell to his insurer. This does not constitute substantial compliance with the condition of the policy requiring notice. As the court has already noted, the provision in question is a condition precedent, and it is

unnecessary for the insurer under those circumstances to show prejudice by reason of the defendant's failure to give notice.

In their answer to the complaint McConnell and Termites, Inc., assert that shortly after the alleged fire at the Loyd home, McConnell discussed the coverage of his policy with one John McConnell, who is alleged to be an agent of the Hartford Accident and Indemnity Company, and who allegedly wrote the policy involved here. Attached to the plaintiff's motion for summary judgment is the affidavit of Albert S. Alexander, who states that he is an officer in the corporation which acts as General Agent for the plaintiff insurance company, and that prior to February 23, 1959, Mr. John McConnell was not and never had been an agent for the plaintiff. The affidavit is not disputed with counter-affidavit or subsequent pleading of any kind, although the defendants have been given adequate time under the local rules to do so if they so desired.

■■ The general allegation in the answers is not sufficient to avoid a summary judgment which is supported by prima facie proof. The method for avoiding the summary judgment is to dispute the affidavit or other evidence offered in support thereof. In Marion County Cooperative Ass'n v. Carnation Co., 8 Cir., 1954, 214 F.2d 557, at page 561, affirming D.C., 114 F.Supp. 58, the court said:

"Against this showing by defendant that it had paid the usual and normal price for milk during the period alleged in the complaint, plaintiff offered nothing to rebut or contradict defendant's evidence or to affirmatively establish the allegations of the complaint. It chose to rest on the broad charge that defendant had paid a 'fictitious' price, or a price in excess of the usual and normal price, for milk and thereby 'run a corner' on the market. It is clear that no genuine issue of material

fact existed as to any of the facts stated in the affidavits or depositions. The question, therefore, resolves itself to this: Is a general allegation in a complaint, standing alone, sufficient to withstand a motion for summary judgment supported by a prima facie showing that no genuine issue of material fact exists?

"Courts, including our own, which have considered this question have uniformly answered it in the negative."

■ The affidavit of Mr. Alexander, therefore, must be taken as true for purposes of determining the motion for summary judgment.

However, in any event, the defendants do not allege that written notice was furnished an agent of the plaintiff as required by the policy in the provisions in condition No. 10. Even if their allegation could be accepted as true, it would be insufficient in law to show a proper compliance with the policy.

There is no contention that the policy covers now or ever did cover the activities or operations of Termites, Inc., and it is apparent that the policy condition requiring notice was not complied with by Jess McConnell, d/b/a McConnell Pest Control.

■ The pleadings and admissions on file, together with the affidavit attached to the motion for summary judgment, show that there is no genuine issue as to any material fact, and thus the plaintiff is entitled to a judgment as a matter of law. Fed.R.Civ.P., 56(c), 28 U.S.C.A.

Under the undisputed facts the plaintiff is not required to defend the action brought by Mrs. H. B. Loyd against the defendants, McConnell and Termites, Inc., or to pay any judgment which may be obtained by Mrs. Loyd against the defendants or either of them, and a judgment in accordance with the above is being entered today.