KEALY v. LUMBERMEN'S MUTUAL INS. CO.

5-3640                                          394 S. W. 2d 629

Opinion delivered October 4, 1965.

[Rehearing denied November 8, 1965.]

*Dickson, Putman, Millwee & Davis,* for appellant.

*Wade & McAllister,* for appellee.

PAUL WARD, Associate Justice. On January 26, 1963 a fire destroyed or damaged a building belonging to the A & A Produce Company (hereafter referred to as "company"), causing the destruction of personal property belonging to Pete Kealy, Glen Scott and Harry Lane (appellants herein). Later appellants recovered a judgment against the company in the sum of $1,786.45 for loss of the personal property.

It is undisputed that The Lumbermen's Mutual Insurance Company (appellee herein) had issued an insurance policy to the company covering the loss. When the company failed to pay the said judgment appellant filed a direct action against appellee. Upon trial in circuit court the judge granted summary judgment in favor of appellee on the ground that appellants had not given ". . . any notice to the defendant insurance company

within the twenty (20) days statutory time to plead.''
The trial court also found that a ''substantial compliance'' with the terms of the policy is not sufficient.

We have reached the conclusion that, under the facts of this case, it was for a jury to decide whether notice was given within time (20 days) for appellee to answer the suit against the company. The section of the policy relative to notice of suit against the insured reads:

''If claim is made or suit is brought against the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.''

There is in the record testimony showing: that the attorney for appellants notified appellee's agent promptly that suit had been filed; that another agent of appellee promised to pick up the ''papers'' from the company; that appellee's agent said he was referring the claim to the adjustment company. The suit in question was filed September 25, 1963. The attorney who filed the suit testified that on the same day he telephoned the adjuster, and that the adjuster inquired where he could pick up the ''papers''. Said attorney also testified that on or about September 26, 1963 a Mr. Biddle (an adjuster) visited him in his office and was told about the suit. Although some of his testimony was disputed there can be no doubt that the matter presented a jury question as to a material fact. That being true it was error for the trial court to enter a summary judgment. Ark. Stat. Ann. § 29-211 (c) (Repl. 1962) is to the effect that a moving party is entitled to a summary judgment only when ''there is no genuine issue as to any material fact. . . .'' *Epps* v. *Remmel,* 237 Ark. 391, 373 S. W. 2d 141, and *Jones* v. *Comer,* 237 Ark. 500, 374 S. W. 2d 465.

It is our opinion that if appellee did in fact receive notice in ample time to properly defend the suit against the company, then it should not be allowed to escape liability merely because the provisions of section 11 of the policy were not strictly complied with. In the case

of *Lee v. Travelers Insurance Company*, 184 A 2d 636, the court made an announcement with which we agree. It was:

"An insurer should not be held liable without reasonable opportunity to investigate and to properly defend, but when given such opportunity the insurer should not be allowed to escape liability because the notice which furnished the opportunity comes from someone other than the insured."

Similarly, this Court, in the case of *Southern Farm Bureau Casualty Insurance Company v. Robinson*, 236 Ark. 268, 365 S. W. 2d 454, said:

"There is substantial evidence that appellant received notice of the suit and that it was not prejudiced by the delay in receiving notice. . . ."

The issue in the case here under consideration is very similar to the one in *Trinity Universal Insurance Co. v. Syble Stobaugh* (opinion by this Court delivered September 27, 1965). In that case we said ". . . the jury had a right to decide whether proper notice (under the provisions of the policy) was given to appellant. . . ." We have carefully compared the provisions relative to notice contained in the two insuranc policies involved and find them essentially the same.

The judgment of the trial court is accordingly reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.