Farm Bureau Mutual Ins. Co. v. Amos Stepp

4699                                    433 S.W. 2d 140

Opinion Delivered November 4, 1968

*Daggett & Daggett* for appellant.

*Carrold E. Ray* for appellee.

Carleton Harris, Chief Justice.    Amos Stepp, appellee herein, instituted suit against his insurer, Farm Bureau Mutual Insurance Company, appellant herein, to recover the policy limit of $2,500.00 after one of his tenant dwellings was totally destroyed by fire on December 28, 1965.    It is admitted by appellant that the dwelling was destroyed by fire while the policy was in full force and effect; that the amount of insurance issued under the policy was for the sum of $2,500.00; that proof of loss was submitted to the company in accordance with the provisions of said policy, and that the company's representatives inspected the premises of the fire on December 30, 1965.

The suit was instituted on February 2, 1967, and on February 17 of the same year, appellant filed an answer in the form of a general denial. Appellee filed a Request for Admissions on February 21, and the answers filed on February 27, 1967, admitted the facts set out in the preceding paragraph. On October 3, 1967, a little more than seven months later, Stepp filed a motion for summary judgment, together with supporting affidavit, and gave notice to the company that he would make his application on October 27. No adverse affidavits were filed, but appellant, without leave of court, did file an unverified amendment to its answer, asserting that the company was not liable under the policy because the tenant dwelling had been vacant for more than 60 days prior to the fire damage. It was further alleged that the fire loss was of incendiary origin, caused or procured by appellee; also, that Stepp was willfully negligent in failing to initiate reasonable acts to extinguish said fire. This amendment was filed on October 25, two days before the time set for the hearing on the motion for summary judgment.

Appellee filed a motion to strike the amendment; the motion was granted and summary judgment was rendered in favor of Stepp against the company for the sum of $2,500.00, plus 12% penalty, together with attorney fees of $600.00, making a total judgment of $3,400.00 and costs[1]. From such judgment, appellant brings this appeal. For reversal, the company asserts that "the court erred in granting summary judgment because appellant's asserted policy defenses of vacancy and origin of the fire constituted questions of fact."

---

[1]Appellee subsequently filed a motion in support of summary judgment, wherein he offered to show to the court, **inter alia,** that the company had made an investigation soon after the fire occurred, taking statements more than one year prior to the filing of the suit, and that the facts relating to any defense set up in the amendment had been known to the appellant for more than 18 months prior to the filing of the amendment.

There is no contention that appellee did not follow the correct procedure set forth in the summary judgment statute, and appellant says the question is, "Does the filing of a motion for summary judgment preclude the assertion of further defenses not pending at the time the motion was given?"

We decline to answer this sweeping question, since other possible factors could affect individual cases, but we have no hesitancy in answering the question in the affirmative in this particular litigation.

It is apparently recognized by appellant that permission to file amendments is largely within the discretion of the trial court. *Brewer* v. *Howell*, 227 Ark. 517, 299 S.W. 2d 851, and authority cited therein. Appellant argues however that, since this court has held that strict interpretation should be given to summary judgment statutes, the trial court's action in striking the amendment was an abuse of discretion. It is true we have held that, if there is doubt whether a factual question exists, a motion for summary judgment should be denied. *Kealy* v. *Lumberman's Mutual Insurance Company*, 239 Ark. 766, 394 S.W. 2d 629. But that is not the controlling issue on this appeal. Rather, the question simply is whether the Lee County Circuit Court abused its discretion in striking appellant's amendment to the complaint. We hold that this was not an abuse of discretion, and did not constitute error. There are at least two reasons why this is true. For one, the controlling statute, Ark. Stat. Ann § 27-1161 (Repl. 1962), provides that the court *may* allow additional pleadings to be filed *on motion*. Here, no motion was filed seeking to amend; to the contrary, appellant filed the amendment entirely on its own, without any apparent effort to obtain the permission of the court. An equally valid reason for the striking of the amendment is the fact that this amendment was not filed until nearly nine months after the complaint was filed, and then only after appellee had given notice that he would seek a summary judg-

ment.    Up until that time appellant had relied upon its general denial.    There is nothing in the record to indicate that the alleged facts set forth in the amendment had just been discovered; conversely, it would appear that the defense raised by the amendment could have been asserted at any time after the investigation of the fire.

The trial court clearly did not abuse its discretion.

Affirmed.

FOGLEMAN, J., disqualified.