## MEMBERS MUTUAL INSURANCE Co. *v.* MARGIE LEE BENEFIELD

73-77                              499 S.W. 2d 608

Opinion delivered October 1, 1973
[Rehearing denied October 29, 1973.]

*Atchley, Russell, Waldrop & Hlavinka,* for appellant.

*Spencer & Spencer,* for appellee.

LYLE BROWN, Justice. Appellee, Margie Lee Benefield, obtained a default judgment in a personal injury case

against O. B. Brown. Members Mutual Insurance Company was the liability insurance carrier for O. B. Brown. Margie Lee Benefield, after the judgment, proceeded against Members Mutual to recover upon Brown's liability insurance policy. Members Mutual appeals from the judgment obtained against it. It is appellant's position that Brown failed to notify it of filing of suit and service of process and that he failed to immediately forward summons to appellant insurer, all as required by the policy.

Most of the facts were stipulated. The accident occurred in Lafayette County on February 21, 1970. A few days thereafter, Brown, who resided in Dallas, went to the Dallas office of Members Mutual and reported the collision. Members Mutual immediately assigned investigation to Beaubouef Claim Service in Shreveport. Suit was filed on August 18, 1970, and a copy of the complaint was forthwith mailed by appellee's counsel to Beaubouef. The latter promptly forwarded the complaint to Members Mutual. On September 30, 1970, non-resident service was had on Brown in Dallas. A week thereafter, Brown called Members Mutual and relayed the information that he had received another letter about the suit; he did not specifically tell them that he had received a summons. On October 21, 1970, Beaubouef was notified by appellee's counsel that service was complete, that Brown was in default, and that appellee expected to obtain judgment as soon as court convened. On November 6, 1970, default judgment was entered. At no time did Members Mutual take any formal action to defend the suit.

Condition 3 of Brown's policy provided: "If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative". Condition 6 provided that no action would lie against the company unless, as a condition precedent, the insured shall have fully complied with the terms of the policy.

We have laid down a principle which we think to be controlling in the case before us. We said in *Kealy* v. *Lum-*

*bermen's Mutual Ins. Co.*, 239 Ark. 766, 394 S.W. 2d 629 (1965):

> It is our opinion that if appellee did in fact receive notice in ample time to properly defend the suit against the company, then it should not be allowed to escape liability merely because the provisions of section 11 of the policy were not strictly complied with.

Section 11 mentioned in *Kealy* is identical with Condition 3 in Brown's policy.

The trial court in essence instructed the jury that if Members Mutual received notice of the filing of the suit in ample time to provide reasonable opportunity to defend, then appellee was entitled to a verdict. We hold that to be the law as pronounced in the *Kealy* case. When that law is applied to the unchallenged record in this case it is abundantly clear that appellee was entitled to recover from Members Mutual.

Affirmed.