**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**Winfred D. MICHAEL; Mary Ellen Michael; Jimmy Deen and Anita Deen, Defendants.**

Civ. No. 92–5176.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

April 14, 1993.

Randolph C. Jackson, Jones, Gilbreath, Jackson & Moll, Fort Smith, AR, for plaintiff.

John Elrod, Siloam Springs, AR, for Michaels.

W.H. Taylor, Fayetteville, AR, for Deens.

## *MEMORANDUM OPINION*

H. FRANKLIN WATERS, Chief Judge.

Plaintiff, State Farm Fire and Casualty Company, filed this declaratory judgment action claiming that, as a result of Jimmy and Anita Deen's failure to comply with the no-

tice provisions of a policy of insurance issued by State Farm, it has no duty to defend them or pay any judgment rendered against them in connection with any claims arising out of an accident on December 24, 1988, including, but not limited to the claims made by Don and Mary Ellen Michael as set forth in their complaint filed in Benton County, Arkansas alleging that Don Michael suffered severe injuries when his vehicle collided on a public highway with a horse belonging to the Deens. Presently before the court is State Farms' motion for summary judgment.

The facts necessary for a decision are not in dispute. Jimmy and Anita Deen were insured by a homeowner's policy issued by State Farm on August 31, 1988. The policy was in effect on the date of Don Michael's accident when Michael's automobile struck a horse on Highway 62 in Benton County, Arkansas. Anita Deen owned a horse which she kept on property located near Highway 62, and on the evening of the accident Jimmy and Anita Deen had been notified that the horse was missing. Later in the evening, the Deens were also notified that an accident had occurred on Highway 62 involving a horse and an automobile.

The Deens "assumed" (and it appears knew) that the animal involved in the accident was Anita Deen's missing horse. Mr. Deen testified that on the day after the accident occurred he drove down the road where the horse was lying and, while he did not get out of his automobile and examine the animal, he assumed that it was his wife's horse. He testified:

Q. Now, did you go to the accident scene that night?

A. No, sir.

Q. Did you go up there the next day?

A. I drove by.

Q. Did you see the horse?

A. I saw it laying there. I just drove by on the way to work.

Q. Was that your wife's horse?

A. Like I say, I didn't get out and examine it. We assumed it was.

Sworn Statement of Jimmy Deen, page 7.

Mrs. Deen also testified that immediately after she became aware that an accident had occurred between a horse and an automobile, she assumed the horse belonged to her. Her testimony was:

Q. When was the first time that you realized that this horse was probably your horse?

A. When it happened. I mean, I assumed it was him.

Sworn Statement of Anita Deen, page 32.

The testimony of Anita Deen also revealed that in approximately August or September, 1991, she was made aware through a newspaper advertisement that a reward was being offered for information relevant to an accident involving an automobile which hit a horse on Highway 62 on December 24, 1988. Thereafter, in October, 1991, Jimmy and Anita Deen were subpoenaed to give testimony in a case filed in Benton County, Arkansas by Don and Mary Ellen Michael and in December 1991, the Deens received a summons and amended complaint making them defendants in the pending case. It is undisputed, however, that the Deens did not notify State Farm of the accident or of the litigation until January 30, 1992.

State Farm contends that two specific policy conditions and requirements which were clearly set out in the policy were not complied with by the insureds. First, State Farm contends that the Deens did not comply with the policy condition that, in case of an accident or occurrence, the insureds were required to give notice to the insurer "as soon as practicable." Second, State Farm asserts that the Deens failed to "immediately forward ... every notice, demand, summons or other process relating to the accident or occurrence; ..." as required by the policy.

Defendants Jimmy and Anita Deen have responded to the motion and, while the Deens do not dispute that the policy at issue contains a clause requiring them to give notice of accidents or occurrences or that the "facts" in respect to the accident and the failure to notify as set forth above are in dispute, they assert that the question of

when their duty to notify State Farm arose is inherently a question of fact which must be decided by a jury and is, therefore, an inappropriate issue for resolution on summary judgment. They argue in the alternative that, if the issue is a question of law, State Farm is not entitled to judgment as a matter of law because State Farm is required to show prejudice resulting from the delay in notification.

Defendants Winfred Don and Mary Ellen Michael have also responded to the motion for summary judgment, adopting the argument made by the Deens. They also contend that State Farm's motion for summary judgment should be denied.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds. *Holloway v. Lockhart,* 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56. The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied.

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir.1987); *Niagara of Wisconsin Paper Corp. v. Paper Industry Union—Management Pension Fund,* 800 F.2d 742, 746 (8th Cir.1986).

The court finds that there are no genuine issues of material fact remaining. It is undisputed that the Deens failed to give to State Farm any notice of the accident or occurrence of December 24, 1988 until January 30, 1992 even though they had ample reason to know that their horse running loose on a public highway had caused a serious automobile accident. Thus the remaining issues for resolution are whether, as a result of this delay in notice, State Farm has a duty to defend the defendants Jimmy and Anita Deen in the Benton County action brought by defendants Don and Mary Ellen

Michael and whether State Farm has a duty to pay any resulting judgment. That is a question of law to be determined by the court.

The policy of insurance provided:

**3. Duties After Loss.** In case of an accident or **occurrence,** the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

a. give written notice to us or our agent as soon as practicable, which sets forth:

> (1) the identity of this policy and insured;

> (2) reasonably available information on the time, place and circumstances of the accident or **occurrence;** and

> (3) names and addresses of any claimants and available witnesses;

b. immediately forward to us every notice, demand, summons or other process relating to the accident **or occurrence;**
. . .

\*     \*     \*     \*     \*     \*

**6. Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions.

*Policy,* § II, Conditions 3(a)–(b) and 6 at page 16.

The policy defines "occurrence" as "an accident, including exposure to conditions, which results in: (a) bodily injury; or (b) property damage during the policy period." *Policy* at 2.

▮▮▮ The law is well settled that a policy of insurance is nothing more than a contract between the insurance carrier and its insured, and is to be governed by the ordinary rules of contract interpretation. 12 George J. Couch, *Couch Cyclopedia of Insurance Law,* § 45:294 at 620 (Ronald A. Anderson and Mar S. Rhodes eds., 1981); *Perkins v. Clinton State Bank,* 593 F.2d 327 (8th Cir. 1979). A common sense approach should be used and generally the words employed in the policy are to be understood in their ordinary sense. *Wommack v. United States Fire Ins. Co.,* 323 F.Supp. 981 (W.D.Ark.1971). If a fair reading of the provisions in question

indicate that they are plain and unambiguous, the law is that the court will not used a forced construction of the terms of an insurance contract where no ambiguity exists, and must apply the law to the unambiguous terms. *Benton State Bank v. Hartford Accident & Indem. Co.*, 452 F.2d 5 (8th Cir.1971). The court is convinced that, after a fair reading of the notice provisions of the insurance policy, the policy is plain and unambiguous with respect to notice and thus the court must apply the law to the notice terms of the policy.

When the principles of contract law are applied to the dispute, the result becomes obvious even before consulting Arkansas case law in failure to notify cases. As indicated above, an insurance policy is a contract between the insurance carrier and the insureds and is to be construed using ordinary contract principles. Thus, it is necessary or appropriate to consider what the parties agreed to when they entered into this contract.

They agreed, among other things, that State Farm would provide coverage for certain accidents in return for the payment of specified premiums. Both the Deens and State Farm agreed that such coverage would be provided only if the premiums were paid and if the Deens complied with certain clearly defined requirements. Payment of premiums was only one of the necessary acts that the Deens agreed to perform in order for there to be coverage for covered accidents.

Among the other promises that the Deens made was that they would promptly notify State Farm in the case of an accident that might result in a claim, and to immediately forward "every notice, demand, summons or other process relating to the accident." They then specifically agreed that: "No action will be brought against us [State Farm] unless there has been a compliance with the policy provisions." In short, the parties to this contract agreed that, if there was no compliance with the notice provisions, there was no coverage. There is no dispute but that the Deens failed to comply with the notice provisions of the contract of insurance. The parties agreed that, when that occurred, there was no coverage, so there is no coverage.

In 1957 the esteemed jurist, John E. Miller, who, with exceptional competence, sat in this court and, in fact, occupied the very position now held by the writer of this opinion for more than a quarter-century, carefully collected and discussed Arkansas case law on point and determined that the following rules apply in failure to notify cases:

(1) if the required notices are conditions precedent, they must be given by the insured (either the named insured or the omnibus insured);

(2) even if the notices are not conditions precedent, the insurer has a right to insist upon substantial compliance by the insured with the notice provisions;

(3) the notice provisions may be conditions precedent even though the specific words "condition precedent" are not used in the policy.

*M.F.A. Mutual Ins. Co. v. Mullin*, 156 F.Supp. 445, 460–61 (W.D.Ark.1957) (citations omitted).

In *Mullin*, one of the issues before the court was whether the notice provisions in an insurance policy were breached. The policy provided that "[i]n the event of accident, occurrence or loss, written notice, containing all particulars shall be given by or for the insured to MFA Mutual as soon as practicable.... If claim is made or suit is brought against the insured, he shall immediately forward to MFA Mutual every demand, notice, or summons received by him or his representative." *Id.* at 448. Like the policy in this case, the policy also contained a "condition," providing that no action shall lie against the insurer under any coverage until after full compliance with all of the terms of the policy. The question before the court was whether a failure to give complete written notice of an accident, failure to forward a summons received from state court, and failure to notify the insurer until almost two months after the action was filed relieved the insurer from its obligations under the insurance policy.

Recognizing that " 'failure to give notice ... does not operate as a forfeiture of the right to recover unless the policy, in express

terms, or by necessary implication, makes the giving of the notice within the time specified a condition precedent to recover,'" Judge Miller wrote that

> [t]he court is of the opinion that the contract of insurance in express terms makes the provision with reference to the giving of notice in the event of an accident and the requirement that the insured shall immediately forward to plaintiff every demand, notice or summons received by him or his representative, *conditions precedent* to the liability of the insurance carrier, the plaintiff, to either defend the state court suit or to pay any judgment that might be obtained. . . .

*Id.* at 457 and 461 (emphasis added).

The court stated that " 'immediately' means within a reasonable time considering the circumstances," and found the fact that the insurer was not notified when the suit was filed and that the insurer was made aware of the suit one and one-half months after the suit was filed only by accident to constitute a breach of the condition precedent. *Id.* The court continued that, "[s]ince the court has concluded that the notice provisions were conditions precedent, and were breached . . . it is unnecessary for the court to determine whether any prejudice resulted . . . by reason of the failure . . . to give the proper notices." *Id.* at 461. The court concluded that the insurer "has no duty to defend the action pending in the state court . . . and that it has no duty to pay any judgment which may be obtained. . . ." *Id.* at 462.

A similar result was reached by the same court in *Hartford Accident & Indem. Co. v. Loyd,* 173 F.Supp. 7 (W.D.Ark.1959). In *Loyd,* a case involving an insurance policy with a substantially identical notice provision, the court found that the insured's notice, approximately eight months after the insured received notice of the claim, did "not constitute substantial compliance with the condition of the policy requiring notice." *Id.* at 11. Finding that the notice provision was a condition precedent, the court stated that "it is unnecessary for the insurer under those circumstances to show prejudice by reason of the defendant's failure to give notice," and concluded that the insurer was not required

to defend that action or to pay any judgment which might be obtained. *Id.* at 11–12.

Judge Miller reached the same conclusions in *Providence Wash. Ins. Co. v. Yellow Cab Co.* 331 F.Supp. 286 (W.D.Ark.1971). There Judge Miller held that, where an insured was fully advised of an accident on the date that it happened but no notice was given to the insurer at any time, even when suit was filed more than two years after the accident, the insurer had no duty to defend the insured in the state court action and no duty to pay any judgment which might be rendered therein.

The facts revealed that an accident occurred on February 17, 1969, between a Yellow Cab and another automobile and on April 7, 1971, an action was filed to recover damages for personal injuries and property damage as a result of the accident. While the Yellow Cab Company gave notice of the accident to the Yellow Cab office, president and attorney, it was without dispute that no notice of the accident was given to Providence. In fact, the insurer was first made aware of the action through agents who read about the filing in the newspaper. *Id.* at 286–88.

The insurance policy in *Yellow Cab* contained notice provisions similar to those in *Mullin* and *Loyd,* and similar to those in the Deen's policy, requiring notice of accidents and reasonable information regarding any accidents as well as immediate notice of demands, notices, summons or other process received by the insured. *Id.* at 288. Finding that the notice provisions constituted conditions precedent to liability, Judge Miller wrote that "[t]he contention of Yellow that its failure to give notice of the accident was not a breach of the policy because the giving of notice is not a specific condition precedent to the establishment of liability on the part of Providence is without merit." *Id.* at 292. As a result of the breach of the notice provisions, the court concluded that Providence "has no duty to defend the [s]tate court suit . . . and has no duty to pay any judgment which may be rendered. . . ." *Id.* at 294.

The court is convinced that these cases correctly stated the law in Arkansas when decided, and our research indicates that the principles announced in those cases

have not been changed by subsequent Arkansas Supreme Court cases. The court is equally convinced that the notice provisions contained in the insurance policy issued to the Deens cannot be distinguished from provisions determined to be conditions precedent by Judge Miller in the cited cases. It is not fatal to this determination that the specific words "condition precedent" cannot be found in the policy. *See M.F.A. Mutual Ins. Co. v. Mullin,* 156 F.Supp. 445, 461 (W.D.Ark.1957) (additional citations omitted).

The Deen's policy provides that "[n]o action shall be brought against us unless there has been compliance with the policy provisions," two of which pertain to notifying State Farm of accidents or occurrences as well as forwarding all notice, demand, summons or other process relating to the accident or occurrence. The policy plainly and unambiguously provides that the insureds may not recover if they fail to comply with any provisions of the policy, including the notice provisions. That, under any reasonable and fair definition of the term, makes the notice provisions "conditions precedent."

■ The question then becomes whether or not those conditions were breached by the failure of the Deens to notify State Farm of the accident or occurrence and the failure of the Deens to immediately forward notice, demand, summons or other process relating to the action brought by the Michaels, or whether there is a genuine issue of a material fact in relation to that question.

The undisputed facts reveal that the Deens were notified late in the evening of December 24, 1988, that an accident had occurred involving a horse and an automobile on Highway 62 near Rogers, Arkansas. Earlier the same evening, the Deens had been searching for their horse which was being kept near Highway 62 and had been determined to be missing. The horse was not located by the Deens until the next morning when Mr. Deen, after having learned of the accident, drove by the place where the accident had occurred, and saw glass on the road and viewed a dead horse which he "assumed" was his wife's horse. Both of the Deens assumed when *learning of the accident* that the horse involved was Mrs. Deen's missing horse.

However, the Deens did not discuss the accident with anyone and did not give notice to State Farm that an accident had occurred even though they were sure that it was Mrs. Deen's horse which had been hit. In fact, the Deens said nothing about the accident for more than three years.

In August or September of 1991, the Deens learned that a reward was being offered to anyone with information relevant to the accident occurring on December 24, 1988. Surely, at this point they were aware that someone was attempting to gather evidence to file a claim against them. In spite of that, the Deens also failed to make this information available to State Farm. Instead, they obviously chose to take their chances that it could not be determined who owned the horse. They gambled and they lost.

The Deens again failed to give notice when they were subpoenaed in October of 1991 to give testimony in a case filed by the Michaels and once again failed to give notice when they received a summons and amended complaint on December 2, 1991, making them defendants in the Michaels' action. State Farm's first notice was a letter from the Deen's attorney received by State Farm's claims office on January 30, 1992.

The policy required that the Deens provide notice of accidents and occurrences as soon as practicable and "immediately" forward notice, demand, summons or other process to State Farm. The court finds that the Deen's failure to provide information to State Farm regarding the accident for more than three years breached the "as soon as practicable" policy requirement. State Farm, therefore, has no duty to defend the Deens in the Benton County action brought by the Michaels and no duty to pay any liability which may be rendered as a result of that action.

■ Defendants argue that State Farm must show prejudice before being relieved of its obligations under the policy. They cite *Safeco Title Ins. Co. v. Gannon,* 54 Wash. App. 330, 774 P.2d 30 (1989) and *Gulf Ins. Co. v. Dolan, Fertig & Curtis,* 433 So.2d 512 (Fla.1983) to support this contention. While this is by no means the rule in every jurisdic-

tion,[1] the court is convinced that there is no Arkansas case in which it has been held that the "notice prejudice rule" applies to insurance policies where the notice requirement is a condition precedent to coverage. Thus, the excellent statement of Arkansas law contained in the cases cited above written by one of this court's most esteemed and respected predecessors, is still the law in this state.

The defendants argue that the court in *Campbell & Co. v. Utica Mut. Ins. Co.,* 36 Ark.App. 143, 820 S.W.2d 284 (1991), "cited approvingly" a statement contained in *Safeco,* supra, that " '[w]hile there are sound reasons for applying the notice prejudice rule to the typical provision in an occurrence policy, those reasons do not apply with equal force to the notice provisions [in a claims-made policy].' " *Id.* at 150, 820 S.W.2d 284, *quoting Safeco Title Ins. Co. v. Gannon,* 54 Wash.App. 330, 774 P.2d 30, 34 (1989).

Defendants suggest that *Campbell* supports the conclusion that the notice prejudice rule, while inapplicable to claims-made policies, should be applied to occurrence policies such as the one issued by State Farm to the Deens. That is clearly not what *Campbell,* said however. *Campbell* was a case in which the court was asked to apply the notice prejudice rule to a "claims made policy," and in declining to do so the court merely said that there was even less reason to do so in that type of policy than with an "occurrence" policy. The court simply quoted from *Safeco,* a case from the State of Washington, in support of that proposition, and affirmed the trial court's granting of a summary judgment on the ground that prejudice to the insurer in that case was immaterial. The court did not say or even infer that, in order for the insured to avoid liability, a showing of prejudice was required in a failure to notify case

filed in respect to an "occurrence" policy of insurance.

Moreover, the *Campbell* court goes on to say that "[t]he federal district court has reviewed Arkansas case law and determined that where a notice requirement is a condition precedent, the insurer is not required to show that he is injured or prejudiced by the failure of the insured to provide the required notice." *Id.* at 150, 820 S.W.2d 284, citing *Hartford Accident & Indem. Co. v. Loyd,* supra; and *M.F.A. Mut. Ins. Co. v. Mullin,* supra. During the discussions of the federal cases on point, the Court of Appeals gave no indication that it disapproved of those holdings. Instead, it seemed to discuss those cases with a recognition that they properly applied Arkansas law.

It was clear prior to *Campbell* that, where notice provisions are conditions precedent as the court has found the notice provision in the Deen policy to be, the notice prejudice rule is inapplicable, and that is still the law after *Campbell.* While the Florida and Washington cases cited by the defendant contain excellent rationale for distinguishing between claims-made policies and occurrence policies for purposes of application of the notice prejudice rule, the opinions do not represent the law in Arkansas which this court is bound to apply.

The court finds that as a result of the Deen's breach of a condition precedent contained in the insurance policy, State Farm has no duty to defend the defendants, Jimmy and Anita Deen, in the action brought against them by defendants, Don and Mary Ellen Michael. Further, the court finds that State Farm has no duty to pay any judgment which may be rendered in this or any other action brought against the Deens as a result of the accident between Don Michael and

---

1. For a general discussion of this subject *see* annotation in Charles C. Marvel, Annotation, *Modern Status of Rules Requiring Liability Insurer to show Prejudice to escape Liability because of Insured's Failure or Delay in Giving Notice of Accident or Claim, or in forwarding Suit Papers,* 32 ALR 4th 141 (1984). In that annotation, which attempts to categorize states by holding or rule applied, Arkansas is listed under the heading: "View that insurer need not show prejudice". The article says that: "The following modern cases support a traditional proposition

to the effect that, in order to escape liability or its duty to defend, a liability insurer need not show that it was prejudiced by an insured's unreasonable and unexcused omission or delay in giving notice of an accident or in forwarding suit papers, in violation of policy requirements (frequently characterized either in the policy or by the court as conditions precedent), upon reasoning that such conduct constitutes a breach of contract rendering the presence or absence of prejudice to the insurer immaterial." *Id.* at 146. (citing the cases written by Judge Miller, supra.)

Anita Deen's horse. Summary judgment is granted for State Farm and this action is dismissed.

A separate order in concurrence herewith will be entered.