# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2918

_____

AIG Centennial Insurance Company,          *
                                           *
             Appellee,                     *
                                           *
      v.                                   *
                                           *
Jane Fraley-Landers, as Administrator      *   Appeal from the United States
of the Estate of Sidney Pippin,            *   District Court for the Western
Deceased; Jane Fraley-Landers,             *   District of Arkansas.
Individually; Katie Fraley, as             *
Administrator of the Estate of Vicky       *
Crisp, Deceased; Katie Fraley,             *
Individually,                              *
                                           *
             Appellants.                   *

_____

Submitted: February 13, 2006
      Filed: June 13, 2006 (**Corrected 7/10/06**)

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Two children died after they were left strapped in their car seats inside a closed vehicle for hours on a warm day. Four years later, the survivors and administrators (referred to in this opinion as survivors) sued Ricky Crisp, the man who left the children alone in the car. They contended that an insurance policy issued to

Mr. Crisp's father by Colonial Penn Insurance Company (now AIG Centennial Insurance Company) provided coverage for the incident. AIG then filed this federal action for declaratory relief, naming the survivors as defendants. The district court,[1] applying Arkansas law, granted AIG's motion for summary judgment; the court held that the policy did not provide coverage because the insured parties had failed to comply with a provision in the insurance contract that required them to notify the insurer of the loss as soon as possible. We affirm.

## I.

One day when Mr. Crisp was babysitting two infant children, he borrowed a vehicle that belonged to Katie Fraley and placed the children in the back seat. He left the children in the car unattended for most of that day; by the time that he returned they had died of hyperthermia. A jury subsequently convicted Mr. Crisp of second-degree murder. *See Crisp v. State*, 341 Ark. 893, 20 S.W.3d 394 (2000).

Almost two years after the children's deaths, the survivors' attorney sent a letter to Mr. Crisp's father. In the letter, the survivors contended that their loss was covered by an insurance policy issued to Mr. Crisp's father and asked him to send the letter to the insurer, AIG, which he did. The survivors then filed separate state actions against Mr. Crisp, which were dismissed without prejudice. About a year later, the survivors returned to state court and jointly filed an action against Mr. Crisp.

While the jointly-filed lawsuit was pending, AIG filed this action for declaratory relief. AIG alleged that its policy did not cover Mr. Crisp or the deaths of the children, and that even if it did, no coverage was available because the policyholders had failed to notify the insurer of the loss in the timely manner required by the insurance contract. All parties moved for summary judgment.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

The district court granted AIG's motion for summary judgment. The court focused on the following provisions in the insurance policy:

> As soon as possible after an accident or loss, *You* [the named policyholder] must give written notice to us or any of our authorized representatives.
> . . .
> An insured person must comply with all terms of this policy before bringing any legal action against us under this policy.

The district court determined that under Arkansas law, the policy made the giving of notice a condition precedent to coverage. The court agreed with the survivors that noncompliance with the "notice of suit" provision was not an issue in this case because the first lawsuits were dismissed without prejudice and timely notice was given of the later action. But the court determined that the survivors' failure to give AIG "notice of loss" before they did, discharged any obligation by AIG to provide coverage. The district court held that Arkansas law does not excuse the failure to give notice of loss even when the insurer has not been prejudiced by the delay.

## II.

The survivors contend that, contrary to the district court's reading of the relevant cases, Arkansas law requires an insurance company to show prejudice when it seeks to avoid coverage because of a failure to satisfy a notice-of-loss provision in its policy. Alternatively, the survivors assert that the district court erred when it determined as a matter of law that the notice of the loss was not given to AIG "as soon as possible." We review the district court's grant of summary judgment *de novo. Stone Motor Co. v. General Motors Corp.*, 400 F.3d 603, 607 (8th Cir. 2005).

A.

This case involves one of the basic building blocks of contract law, the condition precedent. A condition precedent is "an act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises." Black's Law Dictionary (8th ed. 2004). Unlike a mere contract term, the breach of which must be material before it excuses another party from performing, one party's failure to fulfill a condition precedent entirely excuses any remaining obligations of the other party. *See* Richard A. Lord, Williston on Contracts § 38:7 (4th ed. 1990); Restatement (Second) of Contracts § 224 (1981).

Arkansas law has long recognized the validity of conditions precedent, particularly in insurance contracts. The Arkansas Supreme Court's historical application of the doctrine was explored exhaustively by Judge Miller in *M.F.A. Mut. Ins. Co. v. Mullin*, 156 F. Supp. 445 (W.D. Ark. 1957). In *Mullin*, the plaintiff insurance company sought a declaratory judgment that it was not required to defend one of its insureds following a fatal automobile accident. *Id.* at 447, 452. The insurer argued that its insured failed to comply with a condition precedent of the policy, namely, that the insured failed to forward information regarding a lawsuit related to the accident until two months after it was filed in state court. *Id.* at 456-57.

To determine whether the failure to give timely notice of the lawsuit discharged the insurer's obligation to defend, Judge Miller reviewed the Arkansas cases on point. *Id.* at 457-60. He noted that in *Hope Spoke Co. v. Maryland Cas. Co.*, 102 Ark. 1, 9, 143 S.W. 85, 87 (1912), the Arkansas Supreme Court determined that absent any prejudice, breach of a notice provision in an insurance contract is not a defense to coverage so long as the provision was not made a condition precedent to recovery. Judge Miller then turned to *Home Life & Acc. Co. v. Beckner*, 168 Ark. 283, 270 S.W. 529 (1925). In that case, the Arkansas Supreme Court cited *Hope Spoke* and said, "this court is committed to the doctrine that failure to give notice under a clause in a policy ... 'does not operate as a forfeiture of the right to recover, unless the policy

in express terms or by necessary implication makes the giving of the notice within the time specified a condition precedent to recover.'" *Beckner*, 168 Ark. at 288, 270 S.W. at 531 (quoting *Hope Spoke*, 102 Ark. at 9, 143 S.W. at 87); *see also Home Indem. Co. v. Banfield Bros. Packing Co.*, 188 Ark. 683, 689-90, 67 S.W.2d 203, 206 (1934). Judge Miller further noted that in *American Fid. & Cas. Co. v. Northeast Ark. Bus Lines, Inc.*, 201 Ark. 622, 623, 146 S.W.2d 165, 166 (1941), the Arkansas court determined that when the giving of notice was made a condition precedent to recovery, the party seeking coverage had the burden of proving compliance with the provision. *Mullin*, 156 F. Supp. at 459-60.

Judge Miller concluded that "the Arkansas decisions seem to establish the following rules: (1) if the required notices are conditions precedent, they must be given by the insured ... ; (2) even if the notices are not conditions precedent, the insurer has a right to insist upon substantial compliance by the insured with the notice provisions; (3) the notice provisions may be conditions precedent even though the specific words 'conditions precedent' are not used in the policy." *Id.* at 460-61. Applying these rules to the facts in *Mullin*, Judge Miller held that timely notice was made a condition precedent to coverage by a provision in the policy that said "[n]o action shall lie against [the insurer] under any coverage until after full compliance with all the terms of this policy." *Id.* at 461. Because the insured breached a condition precedent by failing to deliver timely notice of the proceedings in the state tort case, Judge Miller held that it was "unnecessary for the Court to determine whether any prejudice resulted to the [insurer] by reason of the failure of [the insured] to give the proper notices." *Id.*

Two years later, in *Hartford Accident & Indem. Co. v. Loyd*, 173 F. Supp. 7, 11 (W.D. Ark. 1959), Judge Miller described *Mullin* as establishing that when notice is a condition precedent to coverage, "the insurer, under the decisions of the Supreme Court of Arkansas, is not required to show that he is injured or prejudiced by the failure of the insured to furnish the required notice." Similarly, in *Providence*

*Washington Ins. Co. v. Yellow Cab Co. of Fayetteville, Inc.*, 331 F. Supp. 286, 291-92 (W. D. Ark. 1971), Judge Miller again reiterated that the failure of an insured to fulfill a condition precedent to coverage discharges any duty of the insurer to defend the action.

Judge Miller's conclusions regarding Arkansas law and notice provisions in insurance policies have been relied upon in a number of other federal cases. In *State Farm Fire & Cas. Co. v. Michael*, 822 F. Supp. 575, 578-80 (W. D. Ark. 1993), the district court discussed Judge Miller's opinions in *Mullin*, *Loyd*, and *Yellow Cab*, before concluding that "these cases correctly stated the law in Arkansas when decided, and our research indicates that the principles announced in those cases have not been changed by subsequent Arkansas Supreme Court cases." We reviewed the decision in *Mullin* six years ago in *Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535 (8th Cir. 2000). In *Kimbrell*, we determined that an insured's failure to send his insurer papers regarding a lawsuit that had been filed against him violated a condition precedent of the policy. *Id.* at 537. Citing *Mullin* and *Loyd*, we directed the district court to enter judgment in favor of the insurer. *Id.* at 537-38.

Thus, dating back to Judge Miller's opinion in *Mullin*, we have a long line of federal cases interpreting Arkansas law. These cases uniformly hold that language identical in every material way to that used in the policy at issue in the present case makes the giving of notice a condition precedent to coverage under a policy. *See Kimbrell*, 207 F.3d at 536-37; *Mullin*, 156 F. Supp. at 448, 460-61; *Loyd*, 173 F. Supp at 10-11; *Michael*, 822 F. Supp. at 577, 579-80. The federal cases also hold that the failure to fulfill a condition precedent discharges the obligations of the insurer, even if the insurer cannot demonstrate that it has suffered any prejudice from the lack of notice. *See Loyd*, 173 F. Supp at 11; *Michael*, 822 F. Supp. at 580-81. If these cases correctly state Arkansas law, they provide a relatively simple guide to resolving the matter.

Unsurprisingly, the survivors present a different view of these cases. They concede that Judge Miller's analysis in *Mullin* was correct when that case was decided in 1957. However, they direct our attention to a series of cases decided by the Arkansas Supreme Court more than thirty years ago, including *M.F.A. Mut. Ins. Co. v. White*, 232 Ark. 28, 334 S.W.2d 686 (Ark. 1960); *Kealy v. Lumbermen's Mutual Ins. Co.*, 239 Ark. 766, 394 S.W.2d 629 (1965); and *Members Mut. Ins. Co. v. Benefield*, 255 Ark. 156, 499 S.W.2d 608 (1973).

In *White*, 232 Ark. at 29-30, 334 S.W.2d at 687, the insured was served with a summons. He did not notify his insurer of the action until the deadline for answering the summons had passed. *Id.* The plaintiff in the case subsequently filed a new action, and then dismissed the earlier action without prejudice. The insurer was notified of the second action in a timely manner, but it sought to avoid coverage based on the insured's failure to notify it of the first action. *Id.*, 232 Ark. at 29-30, 334 S.W.2d at 687. The court determined that because the first action was dismissed without prejudice, the insurer could not complain about its failure to receive notice of that action. "The purpose of the stipulation in the policy was to afford the insurance company an opportunity to control the litigation and interpose a defense against the claim on the merits of the case." *Id.,* 232 Ark. at 30-31, 334 S.W.2d at 687-88. Because the insurer was afforded this opportunity, the court held that the plaintiff's action against the insurer could proceed. (We note that the district court relied on *White* to dispose of AIG's contention that it had no duty to defend in the survivors' later action because it was not given notice of their earlier lawsuits, which were dismissed without prejudice.)

In *Benefield*, 255 Ark. at 156-57, 499 S.W.2d at 609, a woman who suffered injuries in a car accident sued the driver of one of the vehicles. The driver's insurance policy required the insured to forward any notice, summons, or other process related to a claim brought against him, and this notice was made an express condition precedent to coverage. *Id.*, 255 Ark. at 157, 499 S.W.2d at 609. The driver notified

his insurer of the accident. When the plaintiff filed suit for her injuries, she caused a copy of the complaint to be sent to the driver's insurer. After the driver was served, he called the insurer and said that "he had received another letter about the suit" but did not say that he had been served with a summons. *Id.* The plaintiff's attorney notified the insurer prior to obtaining a default judgment against its insured; when the plaintiff attempted to collect the judgment from the insurer, the insurer contended that its insured had not complied with the notice provision and therefore it was not obligated to provide coverage. *Id.* The Arkansas Supreme Court determined that, notwithstanding the fact that notice was a condition precedent to coverage, the insurer was required to honor the policy. The court relied on *Kealy*, 239 Ark. at 767, 394 S.W.2d at 630, for the principle that if an insurer receives actual notice in time to defend an action properly, it should not escape liability for the insured's failure to comply "strictly" with a policy's notice provisions. *Benefield*, 255 Ark. 157-58, 499 S.W.2d at 609-10.

There are a handful of subsequent Arkansas decisions that cite the relevant portions of *White* and its progeny, most of which were decided in the 1960s and early 1970s. *See, e.g., Southern Farm Bureau Cas. Ins. Co. v. Robinson*, 236 Ark. 268, 272-74, 365 S.W.2d 454, 457-58 (1963). The more recent opinions that cite these cases do not directly address the effect of noncompliance with a notice provision that is also a condition precedent to coverage. Curiously, none of the federal opinions which rely on the analysis in *Mullin* cites *White* or *Benefield*.

The only recent Arkansas case to touch on the issue indirectly is *Campbell & Co. v. Utica Mut. Ins. Co.*, 26 Ark. App. 143, 820 S.W.2d 284 (1991). The policy at issue in *Campbell* was a claims-made policy, which is a policy that specifically provides coverage only for claims made during the policy period. *Id.*, 26 Ark. App. at 145, 820 S.W.2d at 285. The party seeking to recover on the policy argued that the insurer should nonetheless be liable for a claim that arose during the time but was not reported to the insurer by the insured before the policy's end date. *Id.*, 26 Ark. App.

at 149, 820 S.W.2d at 288. Rejecting this contention, the court observed that "the federal district court has reviewed Arkansas case law and determined that where a notice requirement is a condition precedent, the insurer is not required to show that he is injured or prejudiced by the failure of the insured to provide the required notice." *Id.*, 26 Ark. App. at 150, 820 S.W.2d at 288. The court went on to say that it agreed that " '[w]hile there are sound reasons for applying the notice prejudice rule to the typical notice provision in an occurrence policy, those reasons do not apply with equal force to the notice provision [in a claims-made policy].' " *Id.* (quoting *Safeco Title Ins. Co. v. Gannon*, 54 Wash. App. 330, 336, 774 P.2d 30, 34 (1989)) (alterations to quotation made in *Campbell*).

Naturally, the parties to this dispute each find support for their position in *Campbell*. The survivors assume that the appeals court was agreeing that the notice-prejudice rule should be applied to occurrence policies, like the one at issue here. But AIG points out that the actual holding was limited to claims-made policies, and that the appeals court noted, without any indication of disagreement, the federal line of cases that rejects any requirement of prejudice. AIG's position is consistent with the federal district court's finding in *Michael*, 822 F. Supp. at 581, that the court in *Campbell* "seemed to discuss [the federal] cases with a recognition that they properly applied Arkansas law." *Campbell*'s careful language precludes us from using it to decide this issue, but we find it significant that it, too, fails to cite *White* or *Benefield*. (And we note that while a dissenting judge in *Cossey v. Transamerica Ins. Co.*, 25 Ark. App. 258, 261-62, 757 S.W.2d 176, 178 (1988) (Mayfield, J., dissenting), argued in favor of a prejudice requirement, he did not cite *White* or *Benefield* or any other Arkansas case in support of that proposition.)

AIG distinguishes *White* from the case at bar by observing that *White* involved notice of claim, as opposed to notice of loss. But we do not think that *White* can be distinguished on this basis. There is no logical reason why notice of claim cases should require a showing of prejudice but notice of loss cases should not. Both

provisions serve the same goal: to provide the insurer an opportunity to investigate, assess, and decide whether to defend or settle a claim. *See* Williston on Contracts at § 49:109; Lee R. Russ, Thomas F. Segalla, Steven Plitt, Couch on Insurance § 186:14 (3d ed.). The Arkansas courts have never indicated any reasons for treating the two kinds of provisions differently and AIG does not offer us any reasoned basis for making this distinction.

Although we cannot avoid *White* on the basis that this case involves notice of loss, as opposed to notice of claim, this does not mean that we are compelled to follow it. Our task is to "ascertain from all the available data what the state law is and apply it." *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). We are not required to apply all decisions of the Arkansas Supreme Court, even if they have not been expressly overruled, if we are convinced that that court would not follow them. *See Treco, Inc. v. Land of Lincoln Sav. & Loan*, 749 F.2d 374, 377 (7th Cir. 1984). The *White* line of cases suggests that in Arkansas, a "condition precedent" is not a condition precedent, even when it is explicitly defined as one by an insurance policy. This is inconsistent with the definition of a condition precedent, and also with a number of later opinions from the Arkansas courts recognizing the enforceability of conditions precedent in insurance contracts. *Cf. Leigh Winham, Inc. v. Reynolds Ins. Agency*, 279 Ark. 317, 320-21, 651 S.W.2d 74, 76-77 (1983); *Clark v. First Colony Life Ins. Co.*, 12 Ark. App. 34, 37, 670 S.W.2d 470, 471 (1984); *American Gen. Life Ins. Co. v. First American Nat'l Bank*, 19 Ark. App. 13, 16-17, 716 S.W.2d 205, 207-08 (1986); *Arkansas Farm Bureau Ins. Fed'n v. Ryman*, 309 Ark. 283, 285-87, 831 S.W.2d 133, 134-35 (1992); *Rhodes v. Farmers Ins. Co.*, 79 Ark. App. 230, 232-34, 86 S.W.3d 401, 402-03 (2002); *Clarendon Nat'l Ins. Co. v. Roberts*, 82 Ark. App. 515, 520, 120 S.W.3d 141, 144 (2003). These cases convince us that the Arkansas Supreme Court would not follow *White*, and would instead apply the law summarized in *Mullin*. Thus, we hold that Arkansas law does not require any showing of prejudice to the insurer when the insured fails to give the insurer notice of loss, and the giving of notice was made a condition precedent to coverage.

While we are satisfied with this outcome, we confess that the state of Arkansas law on the subject leaves room for doubt. Other jurisdictions that have adopted the notice-prejudice rule have provided reasoned explanations for doing so. *See*, *e.g.*, *Alcazar v. Hayes*, 982 S.W.2d 845, 850-53 (Tenn. 1998). Nonetheless, we believe that our holding is a correct statement of Arkansas law as it now exists. It also is consistent with our most recent decision on the matter. *See Kimbrell*, 207 F.3d at 536-37. Although our circuit has never specifically determined the binding effect of a state law determination by a prior panel, other circuits defer to prior panel decisions absent a "subsequent state court decision or statutory amendment that makes [the prior federal opinion] clearly wrong." *Broussard v. Southern Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (en banc) (internal quotation marks and citation omitted); *cf. Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 884 n.7 (9th Cir. 2000); *Woodling v. Garrett Corp.*, 813 F.2d 543, 557 (2d Cir. 1987). *But see* Jed I. Bergman, Note, *Putting Precedent in its Place: Stare Decisis and Federal Predictions of State Law*, 96 Colum. L. Rev. 969, 1008, 1014-18 (1996). This provides us with an additional basis for our holding.

### B.

The survivors contend that even if AIG need not show prejudice, the district court erred in granting summary judgment for another, independent reason. The provision at issue required the insured to give notice of the loss "as soon as possible," and the survivors argue that a jury question remains as to when a reasonable person would have realized that he or she had suffered a loss that the policy covered. This is because the survivors contend that Mr. Crisp is a covered individual only because he was a blood relative of the policyholder, living in the policyholder's home, and driving a vehicle that belonged to a third party whose own policy did not provide coverage. In sum, the survivors want the jury to decide if the two years that it took them to untangle the path to coverage in the insurance policy was "as soon as possible."

We need not consider this argument.  Our careful review of the record reveals no hint of it in the briefs or motions filed in the district court.  We generally do not consider arguments presented for the first time on appeal, *Weaver v. Lincoln County, Neb.*, 388 F.3d 601, 608 (8th Cir. 2004), and the survivors have not provided us with any reason  to depart from this rule.

## III.

For the reasons stated, we affirm the judgment of the district court.

_____